**Ex parte Gary Lynn COLE, Relator.**

**No. A14–89–00709–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 26, 1989.

Ray Epps, Houston, for relator.

Charles J. Brink, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Relator Gary Lynn Cole petitioned for writ of habeas corpus, alleging that his incarceration in Harris County Jail on contempt charges is based upon a rescinded court order and therefore illegal. The record indicates that the trial judge in Relator's divorce action ordered him to pay $1,000.00 per month in temporary child support. Approximately two months later, the judge "suspended" the order in an oral pronouncement from the bench, although the oral rendition was never signed or entered in writing. Relator's incarceration is based upon attorney's fees owed to Relator's wife's counsel for attempts to enforce the "suspended" child support order. We grant the writ.

In 1985, Relator petitioned for divorce in 310th District Court of Harris County, Texas. On July 29, 1986, the Honorable Allen J. Daggett entered temporary orders appointing Respondent Fredda Kay Cole as temporary managing conservator of the Coles' minor child and, among other provisions, ordering Relator to pay $1,000.00 per month in child support; $20,000.00 to Mrs. Cole's attorney, Charles J. Brink; $10,000.00 in cash deposit; and $5,000.00 for the ad litem's fee. On October 3, 1986, in separate counts, the court found Relator (1) in contempt for physically assaulting and causing bodily harm to Mrs. Cole and (2) in contempt for failing to pay three-fourths of past-due child support, and the attorney's fees, cost deposit and the ad litem's fee. The trial court also granted Mrs. Cole exclusive, sole control of Cole's Custom Automotive, Inc., an asset of the Coles' community estate, and, recognizing that the company was Relator's primary source of income, the judge stated from the bench, "In view of that order, the support—alimony pendente lite as previously ordered will be suspended."

Three days later, Relator filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas. This invoked an automatic stay

of all acts, including the divorce proceedings, "to obtain possession of property of the estate or of property from the estate." 11 U.S.C. § 362(a)(3) (1979). The stay presented a conflict with the family law court's jurisdiction because of the mandatory requirement, in a divorce action, that the family law court shall order a division of the estate and may not sever the property division from the divorce action. TEX. FAM.CODE ANN. § 3.63 (Vernon Supp. 1989); *see Hailey v. Hailey*, 160 Tex. 372, 331 S.W.2d 299, 302 (1960); *Adam v. Stewart*, 552 S.W.2d 536, 537 (Tex.App.—Houston [14th Dist.] 1977, no writ).

Mrs. Cole then filed a pleading and affidavits in the bankruptcy court complaining that no enforceable order for support existed. The bankruptcy court directed the parties to attempt to negotiate a settlement that would clear up what child support payments would be made and who would manage Cole's Custom Automotive. Although the parties reached a settlement, it was "objectionable" to the bankruptcy court, which directed that the order be revised and resubmitted on an agreed basis, directly to chambers. An agreed order was submitted to chambers in April, 1987; however, Relator's counsel did not approve the "form" of the agreed order, and Mrs. Cole filed an emergency motion seeking either (1) a hearing regarding entry of the order or (2) a final hearing on her motion for relief from the stay. Again, she told the bankruptcy court that no binding state court order existed, thus ten (10) months had passed without Relator paying child support.

Meanwhile, on January 6, 1989, Relator's Chapter 11 reorganization case was converted to a Chapter 7 liquidation case. *See* 11 U.S.C. § 348 (1979); Bankr.Rule 1019 (Supp.1989). Mrs. Cole returned to the trial court on April 25 to request that Relator be held in contempt for failure to pay child support according to the terms of the original July, 1986 temporary orders. She sought payments only for the period of time beginning on the date of conversion until that day and specifically stated that she was not asking that Relator be held in contempt for failing to pay child support

prior to the date of conversion "because the United States Bankruptcy Court has asserted jurisdiction." She added that she wished to reserve the right to seek an additional contempt order for failure to pay child support from October 6, 1986 to the date of conversion once the stay is lifted by the bankruptcy court. The trial court found Relator guilty of contemptuously disobeying the court's order by refusing to make periodic child support payments. Calculating $1,000.00 per month due on the first of January, February, March and April of 1989, the judge found Relator in arrears in the amount of $4,000.00, and he taxed as costs against Relator a total of $4,500.00 as attorney's fees for Mrs. Cole's counsel.

At a compliance hearing on July 31, Relator apparently paid the $4,000.00 of back child support but failed to render the $4,500.00 in attorney's fees. The trial court committed Relator to jail, and Relator petitioned to this Court for relief.

■ An order is valid when orally pronounced in open court. *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex.1969); *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex.1980). Further, we agree with the Corpus Christi Court of Appeals that an order pronounced from the bench "is 'rendered' when it is officially announced in such a manner, and is valid from that time, its formal entry being only a ministerial act." *UMC, Inc. v. Arthur Bros., Inc.*, 626 S.W.2d 819, 820 (Tex.App.—Corpus Christi 1982), *aff'd per curiam* 647 S.W.2d 244 (Tex.1982). Therefore, we hold that the trial judge's oral order of October 3, 1986, which "suspended" the temporary orders entered July 29, 1986, is outstanding: it was a valid order as of that date, is valid today, and shall remain valid until or unless it is vacated, set aside, modified or amended as an exercise of the court's continuing jurisdiction. *See generally* TEX.FAM.CODE ANN. § 11.05 (Vernon 1986) (court retains continuing, exclusive jurisdiction in connection with suit affecting parent-child relationship); *McCormack v. Guillot*, 597 S.W.2d 345, 345–46 (Tex.1980) (explaining action court may take).

Contempt and resulting confinement cannot be grounded on a "suspended" order. While the term "suspended" generally implies a temporary cessation and the trial judge here may have intended to lift the suspension by his contempt hearing and judgment, we, as an appellate court, cannot infer such a result from the record so as to approve the relator's confinement. To warrant incarceration, the contempt order must be specific.

Additionally, we find the confusion surrounding this divorce proceeding, beginning with the oral order "suspending" a written order and continuing with the obstacles of a bankruptcy proceeding, has created a situation that causes inordinate delay in the enforcement of child support payments and payment of attorney's fees to carry out such enforcement. That is regrettable, but we must be guided by well-settled law which provides that Relator is entitled to know in clear, specific and unambiguous terms exactly what duties and obligations are imposed upon him and by which order, decree or judgment enforcement is sought. TEX.FAM.CODE ANN. § 14.33(a) (Vernon Supp.1989); *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967); *Ex parte Bagwell*, 754 S.W.2d 490, 492–93 (Tex.App.—Houston [14th Dist.] 1988, no writ).

For the reasons set forth above, we grant the writ of habeas corpus and order the relator discharged from custody.