Inez JARAMILLO, Individually and as Personal Representative of the Estate of Robert L. Jaramillo, Deceased, Appellant,

v.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellee.

No. 11–97–00273–CV.

Court of Appeals of Texas, Eastland.

Dec. 31, 1998.

Gilbert Arrazolo, Albuquerque, NM, Frank W. Conard, II, Sweetwater, Esteban A. Aguilar, Albuquerque, NM, for Appellant.

Kenneth J. Bower, Douglas W. Poole, Bryan R. Lasswell, McLeod, Alexander, Powel & Apffel, Galveston, for Appellee.

Panel consists of ARNOT, C.J., DICKENSON, J. and WRIGHT, J.

## OPINION

ARNOT, Chief Justice.

Inez Jaramillo, individually and as personal representative of the Estate of Robert L. Jaramillo, deceased, sued The Atchison, Topeka & Santa Fe Railway Company for violation of the former Boiler Inspection Act, 45 U.S.C.A. § 22 et seq. (repealed 1994), and for damages and injuries arising from a fall from a locomotive seat. The jury awarded Jaramillo "zero" dollars for all injuries and damages stemming from the lawsuit. Jaramillo appeals, asserting in three points of error that the trial court erred in overruling Jaramillo's objection to the admission of opinion testimony by Santa Fe's medical expert because his opinions (1) were not expressed to a reasonable degree of medical probability, (2) were based on assumed facts which were different from the actual facts, and (3) were beyond the realm of his expertise.

Santa Fe argues that Jaramillo failed to comply with TEX.R.APP.P. 34.6(c) in making her request for a partial reporter's record. We agree.

When the reporter's record is incomplete, a presumption arises that the missing portions of the reporter's record support the trial court's judgment. A party who wishes to file a partial reporter's record can rebut this presumption by filing and serving a request for partial reporter's record which states the points of error to be relied upon for the appeal. A presumption then arises

that the omitted portions of the reporter's record do not affect the outcome of the appeal. 6 McDONALD, TEXAS CIVIL APPELLATE PRACTICE § 1:12 (rev.1992).

Rule 34.6(c) allows appellant to request a partial reporter's record in order to minimize the expense and delay associated with the appellate process. Appellant must file and serve a request for the partial statement of facts. This notice "*must* include a statement of the points or issues to be presented on appeal." (Emphasis added) If this procedure is followed, appellant would obtain the benefit of the presumption that nothing omitted from the record is relevant to the disposition of the appeal.

Jaramillo neither filed and served a request for a partial reporter's record on Santa Fe nor stated the points of error she would be relying upon. Rule 34.6(c)(4). Consequently, this court may not find reversible error in the absence of a complete record of the case. *Christiansen v. Prezelski*, 782 S.W.2d 842 (Tex.1990). We are unable to determine whether the errors complained of by Jaramillo were harmful in the context of the entire case. *Christiansen v. Prezelski, supra* at 843.[1]

The judgment of the trial court is affirmed.

---

1. *Christiansen v. Prezelski, supra,* concerns former TEX.R.APP.P 53(d). We note that, in 1997, the Rules of Appellate Procedure were amended, and former Rule 53(d) was merged into Rule 34.6(c).