NO. 12-03-00023-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




MARIA WILLIAMS,
§
 APPEAL FROM THE 369TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


ROBERT LAVELL GAGE,

APPELLEE
§
 ANDERSON COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant Maria Williams ("Williams") appeals the trial court's judgment that she take
nothing in her suit against Appellee Robert Lavell Gage ("Gage"). In her sole issue on appeal,
Williams challenges the factual sufficiency of the evidence. We affirm.


Background

 On or about June 25, 1999, Williams was driving her employer's vehicle in Palestine,
Anderson County, Texas, when she was hit from behind by Gage's vehicle. Williams filed suit
against Gage alleging that he was operating his vehicle negligently. On July 1, 2002, a jury trial
began and, at the close of evidence and after Gage rested, the court granted Williams's motion for
partial directed verdict. In granting the motion, the court found that Gage's negligence proximately
caused the occurrence in question. The jury's sole issue was Williams's damages for her injuries
resulting from the occurrence. On July 2, 2002, the jury returned with a unanimous verdict of zero
dollars in damages, and the trial court entered a take-nothing judgment. This appeal followed.


Compliance with Texas Rules of Appellate Procedure

 Williams argues that the take-nothing judgment is against the great weight and preponderance
of the evidence and manifestly unjust. Gage contends that Williams failed to comply with the
requisites of Texas Rule of Appellate Procedure 34.6(c)(1), requiring this court to affirm the trial
court's judgment.

 An appellant must request in writing that the official reporter prepare the reporter's record,
and that request must designate the exhibits and portions of the proceedings to be included in the
record. Tex. R. App. P. 34.6(b)(1). A copy of this request must be filed with the trial court clerk. 
Tex. R. App. P. 34.6(b)(2). However, in order to minimize the expense and delay associated with
the appellate process, an appellant may request a partial reporter's record. Tex. R. App. P.
34.6(c)(1); Jaramillo v. The Atchison, Topeka & Santa Fe Ry. Co., 986 S.W.2d 701, 702 (Tex.
App.-Eastland 1998, no pet.). An appellant who requests a partial record must also include in the
request a statement of the points or issues to be presented on appeal and will then be limited to those
points or issues. Tex. R. App. P. 34.6(c)(1). However, it is sufficient if the statement of points or
issues is filed with, rather than in, an appellant's request for a partial reporter's record. See Schafer
v. Conner, 813 S.W.2d 154, 155 (Tex. 1991). 

 If an appellant complies with Rule 34.6(c)(1), an appellate court must presume that the partial
reporter's record designated by the parties constitutes the entire record for purposes of reviewing the
stated points or issues. Tex. R. App. P. 34.6(c)(4); see Brown v. McGuyer Homebuilders, Inc., 58
S.W.3d 172, 175 (Tex. App.-Houston [14th Dist.] 2001, pet. denied), declined to follow on other
grounds, Bennett v. Cochran, 96 S.W.3d 227, 229-30 (Tex. 2002). In other words, she is entitled
to the benefit of the presumption that the omitted portions of the record are not relevant to the
disposition of the appeal. Brown, 58 S.W.3d at 175 (citing Tex. R. App. P. 34.6(c)(4)); Jaramillo,
986 S.W.2d at 702. This presumption applies even if the statement includes a point or issue
complaining of the legal or factual sufficiency of the evidence to support a specific factual finding
identified in that point or issue. Tex. R. App. P. 34.6(c)(4); Bennett, 96 S.W.3d at 228. However,
when an appellant appeals with a partial reporter's record but does not provide the list of points or
issues required by Rule 34.6(c)(1), the presumption arises that the omitted portions support the trial
court's findings. Jaramillo, 986 S.W.2d at 702; Richards v. Schion, 969 S.W.2d 131, 133 (Tex.
App.-Houston [1st Dist.] 1998, no pet.). Moreover, if an appellant completely fails to submit her
statement of points or issues, an appellate court is required, pursuant to Rule 34.6, to affirm the trial
court's judgment. Bennett, 96 S.W.3d at 229 (citing Richards, 969 S.W.2d at 133).

 In this appeal, the reporter's record on file consists of an excerpt of Gage's deposition, and
an excerpt of the trial testimony of Gage and his wife, Rebecca. However, the clerk's record
contains no request for a partial reporter's record from Williams to the official reporter nor a
statement of the points or issues to be presented on appeal. Because Williams did not comply with
Rule 34.6(c)(1) of the Texas Rules of Appellate Procedure, we must presume that the omitted
portions of the reporter's record support the trial court's take-nothing judgment. See Jaramillo, 986
S.W.2d at 702; Richards, 969 S.W.2d at 133. Therefore, pursuant to Rule 34.6, we are required to
affirm the trial court's take-nothing judgment. See Bennett, 96 S.W.3d at 229 (citing Richards, 969
S.W.2d at 133). 


Conclusion

 Williams's sole issue is overruled, and the judgment of the trial court is affirmed.



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.















(PUBLISH)