OPINION HEADING PER CUR 









                NO. 12-03-00171-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

ELLEN
HENDRY WHEELER,       §          APPEAL FROM THE 173RD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

JUNE
GREENE, JERRY BAKER AND

DAVID
HENDRY,    §          HENDERSON COUNTY, TEXAS

APPELLEES




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



OPINION

            Ellen Hendry Wheeler appeals the trial court’s judgment,
in which it found that June Greene, Jerry Baker, and David Hendry[1] were
the Trustees of the Living Trust of Earl E. Hendry and Ethel D. Hendry (the “Settlors”)
and awarded attorney’s fees to the Trustees. 
Wheeler raises five issues on appeal. 
We affirm.

Background

            On May 6, 1998, the Settlors created a trust naming their
six children as trustees in various capacities. 
Thereafter, Wheeler filed suit against the Trustees for judicial
construction of the Settlors’ trust.  She
further sought removal of the Trustees and the disposition of certain trust
property.  On December 20, 2002, the
trial court entered a take nothing judgment and severed the Trustees’
counterclaims against Wheeler.

            The trial court subsequently conducted a bench trial on
the Trustees’ counterclaims and entered a final judgment awarding attorney’s
fees to the Trustees.  On April 11, 2003,
Wheeler filed a motion for new trial based on undiscovered evidence.
Thereafter, upon Wheeler’s request, the trial court entered findings of fact
and conclusions of law, which read, in pertinent part, as follows:








(D)
The court determined in Cause No. 
00A-339-A[2] that Wheeler was removed as a trustee by
the [Settlor].

 

                ....            

 

                (J) Wheeler was removed as a trustee
of the trust by the [Settlor].  

 

On May 8, 2003,
the trial court denied Wheeler’s motion for new trial, and this appeal
followed.

 

Legal Sufficiency

            In her third issue,
Wheeler contends that the trial court’s findings (D) and (J) are not supported
by legally sufficient evidence because there is no evidence that Wheeler was
removed as trustee.  Appellees argue that
Wheeler has filed an incomplete reporter’s record and that our analysis is
governed by the presumption that the omitted portions of the reporter’s record
support the trial court’s findings. 

            An appellant must
request in writing that the official reporter prepare the reporter’s record,
and that request must designate the exhibits and portions of the proceedings to
be included in the record.  Tex. R. App. P. 34.6(b)(1).  A copy of this request must be filed with the
trial court clerk.  Tex. R. App. P. 34.6(b)(2).  However, in order to minimize the expense and
delay associated with the appellate process, an appellant may request a partial
reporter’s record.  Tex. R. App. P. 34.6(c)(1); Jaramillo
v. The Atchison, Topeka & Santa Fe Ry. Co., 986 S.W.2d 701, 702
(Tex. App.–Eastland 1998, no pet.).  An
appellant who requests a partial record must also include in the request a
statement of the issues to be presented on appeal and will then be limited to
those points or issues.  See Tex. R. App. P. 34.6(c)(1).  However, it is sufficient if the statement of
points or issues is filed with, rather than in, an appellant’s request for a
partial reporter’s record.  See Schafer
v. Conner, 813 S.W.2d 154, 155 (Tex.1991).

            If an appellant
complies with Rule 34.6(c)(1), an appellate court must presume that the partial
reporter’s record designated by the parties constitutes the entire record for
purposes of reviewing the stated issues. 
See Tex. R. App. P.
34.6(c)(4); Brown v. McGuyer Homebuilders, Inc., 58 S.W.3d 172,
175 (Tex. App.–Houston [14th Dist.] 2001, pet. denied), declined to follow
on other grounds, Bennett v. Cochran, 96 S.W.3d 227, 229–30
(Tex. 2002).  In other words, the
appellant is entitled to the benefit of the presumption that the omitted
portions of the record are not relevant to the disposition of the appeal.  See Brown, 58 S.W.3d at 175
(citing Tex. R. App. P.
34.6(c)(4)); Jaramillo, 986 S.W.2d at 702.  Such a presumption applies even if the
statement includes a point or issue complaining of the legal or factual
sufficiency of the evidence to support a specific factual finding identified in
that point or issue.  Tex. R. App. P. 34.6(c)(4); Bennett,
96 S.W.3d at 228. However, when an appellant appeals with a partial reporter’s
record, but does not provide the list of points or issues as required by Rule
34.6(c)(1), the presumption arises that the omitted portions support the trial
court’s findings.  See Jaramillo,
986 S.W.2d at 702; Richards v. Schion, 969 S.W.2d 131, 133 (Tex.
App.–Houston [1st Dist.] 1998, no pet.). 
Moreover, if an appellant completely fails to submit her statement of
issues, an appellate court is required by the rules to affirm the trial court’s
judgment.  See Bennett, 96
S.W.3d at 229 (citing Richards, 969 S.W.2d at 133).

            In the case at hand,
Wheeler requested what amounts to a partial reporter’s record.  In conjunction with her request, Wheeler
stated, in pertinent part, as follows:

 

Appellant hereby
designates that she only presents on appeal those issues considered by the
trial court in the severed cause number 00A-339B, including the trial court’s
denial of continuance of the trial on the merits for lack of discovery and
other reasons including the court’s finding that all necessary parties had been
joined and allowing the case to proceed, the trial court’s ruling and order
determining the present trustees of the E.E. and E.D. Hendry Living Trust, the
trial court’s ruling striking Appellant’s answer, all other trial court rulings
on evidentiary and other matters during the hearings and trial on the merits,
the trial court’s judgment and findings in its judgment and other orders in the
severed cause concerning reasonable and necessary attorney’s fees and
justifications for award of attorney’s fees and segregation of fees and all of
the trial court’s findings of fact and conclusions of law concerning all of the
above listed matters and any other matters in the severed cause 00A-339B,
including but not limited to findings of fact and conclusions of law in the
severed cause as to what the trial court found in the causes from which this
cause was severed.

 

Wheeler’s
statement of issues she intends to raise on appeal is not sufficient to create
the presumption that the record designated is the entire record.  Rule 34.6 states that the appellant will be
limited to the points or issues she includes in her statement.  See Tex.
R. App. P. 34.6(c)(1).  Wheeler’s
statement designating “all other trial court rulings on evidentiary and other
matters during hearings and trial,” “the trial court’s judgment and findings in
its judgment” concerning attorney’s fees, and “all of the trial court’s
findings of fact and conclusions of law concerning ... any other matters in the
severed cause” are so broad in scope that they do not enable Appellees to
anticipate what portions of the record they may need to designate.

            In support of her position that she
has properly designated the issues for appeal, Wheeler relies on the court’s
holding in Bennett that the court of appeals was not precluded
from reviewing a legal and factual sufficiency issue where the appellant filed
his statement of issues two months after he perfected his appeal.  See Bennett, 96 S.W.3d at
229.  However, the court noted that had
Bennett failed submit his statement of points or issues, Rule 34.6 would
require the appellate court to affirm the trial court’s judgment.  Id.  In closing, the court stated:

 

Our appellate rules are designed to
further the resolution of appeals on the merits. [citation omitted].  We will interpret these rules, when possible
to achieve that aim.  However, litigants
should not view our relaxation of the rules in a particular case as endorsing
noncompliance.  While we seek to resolve
appeals on their merits, litigants who ignore our rules do so at the risk of
forfeiting appellate relief.

 

Id. at
230.  

            The present case does not involve a
statement of issues that was filed late and is, therefore, distinguishable from
the facts in Bennett.  To
the contrary, the statement of issues here seeks to encompass a host of unnamed
issues by its general language.  It
contains no limitations as to the scope of the issues and affords Appellees
little, if any, notice of what Wheeler seeks to appeal.  Even though Wheeler did make
reference to the “trial court’s ruling and order determining the present
trustees of the E.E. and E.D. Hendry Living Trust,” an order that was later
incorporated in the judgment and findings that are now the subject of Wheeler’s
legal sufficiency challenge, such a reference is so mired in
generalities that it provides Appellees with no more notice than if Wheeler had
made no designation of issues at all.  See,
e.g., CMM Grain Co., Inc. v. Ozgunduz, 991 S.W.2d 437, 439 (Tex.
App.–Fort Worth 1999, no pet.) (a general statement identifying the portion of
the judgment appealed from and declaring an intention to appeal that portion of
the judgment is insufficient to satisfy the narrow purpose of Rule
34.6(c)).  Thus, we cannot conclude that
Wheeler has complied with Rule 34.6(c) and must presume that the omitted portions of the record support the trial court’s findings.  We hold that the evidence is legally
sufficient to support the trial court’s finding (J) —that “Wheeler was removed as a trustee of the trust by the [Settlor].”[3]








  Wheeler’s third issue is
overruled.    

Motion for New Trial

            In her first issue, Wheeler contends
that the trial court erred in failing to grant her motion for new trial based
on newly discovered evidence.  The newly
discovered evidence upon which Wheeler’s motion was based is two letters dated
June 8, 2001 written by Wheeler’s attorney to the Trustees and the attorney for
the Settlors.

            We review a trial court’s ruling on
a motion for new trial based on newly discovered evidence for an abuse of
discretion.  Mitchell v. Bank of
America, N.A., 156 S.W.3d 622, 629 (Tex. App.–Dallas 2004, pet. denied).  A party seeking a new trial on the ground of
newly discovered evidence must show the trial court that (1) the evidence has
come to her knowledge since the trial, (2) it was not owing to the want of due
diligence that it did not come sooner, (3) it is not cumulative, and (4) it is
so material that it would probably produce a different result if a new trial
were granted.  See Dallas Ind.
School Dist. v. Finlan, 27 S.W.3d 220, 240 (Tex. App.–Dallas 2000, pet.
denied), (citing Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex.
1983), overruled on other grounds, Moritz v. Preiss, 121
S.W.3d 715, 721 (Tex. 2003)).  

            The Trustees contend that the trial
court did not abuse its discretion in overruling Wheeler’s motion for new trial
because the evidence upon which it was based was not “newly discovered.”  We agree. 
The letters, which were dated June 8, 2001 and signed by Wheeler’s
attorney, could not possibly have come to his knowledge since the trial in 2003
because such letters predated the trial. 
Further, Wheeler has failed to demonstrate that it was not for want of
due diligence that she did not discover such evidence sooner.  In support of Wheeler’s motion for new trial,
Wheeler’s attorney stated in his affidavit that he was unable to locate these
two letters because of the voluminous nature of the files in her cases.  We hold that an inability to navigate one’s
own filing system cannot give rise to a claim of newly discovered
evidence.  Wheeler’s first issue is
overruled.  

 

Motion for Continuance

            In her second issue, Wheeler
contends that the trial court erred in denying her motion for continuance with
regard to the Trustees’ motion for summary judgment and motion to determine
authority.  The Trustees respond that
this issue has been waived because Wheeler did not obtain a ruling from the
trial court denying her motion for continuance. 
We agree.  Failure to obtain a
ruling from the trial court on a motion for continuance fails to preserve error
for appellate review.  See Mitchell
v. Bank of America, N.A., 156 S.W.3d 622, 626 (Tex. App.–Dallas 2004,
pet. denied); Rangel v. State Bar of Texas, 898 S.W.2d 1, 3 (Tex.
App.–San Antonio 1995, no writ) (refusing to consider appellant’s complaints
with respect to motion for continuance because the trial court did not rule on
motion.); see also Tex. R. App.
P. 33.1(a).  Wheeler’s second
issue is overruled.

 

Mediation

            In her fourth issue, Wheeler
contends that the trial court abused its discretion by not ordering mediation
in the case as required by the terms of the trust.  The Trustees respond that Wheeler never
obtained a ruling on her request for mediation. 
To preserve a complaint for appellate review, a party must have
presented to the trial court a timely request, objection, or motion that states
specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
See Tex. R. App. P.
33.1(a); Parker v. Barefield, No. 12-05-00111-CV, 2006 WL 176837,
at *1 (Tex. App.–Tyler Jan. 25, 2006, no pet.). 
If a party fails to obtain a ruling, error is not preserved and the
complaint on appeal is waived.  Id.  Here, since the record does not indicate that
the trial court ever made a ruling on Wheeler’s motion for mediation, we hold
that Wheeler has failed to preserve error. 
Wheeler’s fourth issue is overruled. 


 

Plea in Abatement 

            In her fifth issue, Wheeler contends
that the trial court erred in denying her plea in abatement for lack of joinder
of necessary parties.  The Trustees
respond that Wheeler has waived this issue because she failed to obtain a
ruling from the trial court on her plea in abatement.  We agree. 
It is necessary for a complaining party to obtain a ruling on a motion
for a plea in abatement to avoid waiving her right to complain of it on
appeal.  See Cadle Company
v. Estate of Weaver, 897 S.W.2d 814, 816–17 (Tex. App.–Dallas 1994,
writ denied); Associated Indemnity Corp. v. Kyles, 704 S.W.2d
474, 477 (Tex. App.–Houston [14th Dist.] 1986, writ ref’d n.r.e.). Since here
Wheeler failed to obtain a ruling on her motion for a plea in abatement, she
has waived the issue on appeal.  Wheeler’s
fifth issue is overruled.

 

 

Disposition

            Having overruled Wheeler’s issues
one, two, three, four, and five, we affirm the trial court’s
judgment.

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

Opinion delivered March 15, 2006.

Panel
consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] Greene, Baker, and Hendry
are referred to collectively as the “Trustees” or “Appellees.”





[2] Cause No. 00A-339-A refers to Wheeler’s
previous suit in which a take nothing judgment was entered on December 20,
2002.





[3] Because we have held that
the evidence is legally sufficient to support the trial court’s finding (J),
the trial court’s finding (D), related to cause number 00A-339-A, is immaterial. 
Therefore, we do not address it.