# NO. 12-09-00157-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST* | § | *APPEAL FROM THE 321ST* |
| *OF B.J.H.-T.,* | § | *JUDICIAL DISTRICT COURT* |
| *A CHILD* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

M.E.T. appeals from the trial court's permanent injunction and modification order in a suit affecting the parent-child relationship. In ten issues, M.E.T. contends the trial court abused its discretion and violated his constitutional rights. We dismiss one issue for lack of jurisdiction and affirm the trial court's injunction and modification order.

## BACKGROUND

Since shortly after his birth in February 2007, B.J.H.-T.'s parents, L.H. and M.E.T., have been litigating the terms of his childhood. The court appointed L.H. and M.E.T. joint managing conservators and specified the terms of possession. On September 30, 2008, L.H. applied for a protective order seeking protection against M.E.T. for herself, B.J.H.-T., and for her older son, B.H. The court granted a temporary ex parte protective order on October 2, 2008. A hearing was held on October 29 and November 4. As a result of that hearing, the trial court denied L.H.'s application for a protective order but signed, sua sponte, a permanent injunction and order modifying the terms of possession contained in the court's prior order.

## NOTICE

In his first issue, M.E.T. asserts that the trial court erred by signing a judgment that does not conform to the pleadings in violation of rule of civil procedure 301. L.H. filed only an

application for protective order, which was denied. But then the trial court, sua sponte, entered a permanent injunction and a modification of the court's prior order in the suit affecting the parent-child relationship. M.E.T. argues that L.H. is not entitled to relief she did not seek and that he did not get fair and adequate notice of the issues to be tried. He also argues that these issues were not tried by consent. In his fourth issue, M.E.T. contends the trial court violated his right to due process by signing the injunction and order in the absence of notice because he did not have the opportunity to object or present a defense. He asserts that this lack of due process caused the rendition of an improper judgment.

Texas Rule of Civil Procedure 301 requires the trial court's judgment to conform to the pleadings. Tex. R. Civ. P. 301. Due process requires that a litigant be given fair notice of the issues that will be decided in the litigation. *See* **Cunningham v. Parkdale Bank**, 660 S.W.2d 810, 813 (Tex. 1983). However, in cases affecting the parent-child relationship, when the best interest of the child is always the overriding consideration, technical rules of pleading and practice are of little importance, and fair notice is afforded when the pleadings generally invoke the court's jurisdiction over custody and control of the children. **Leithold v. Plass**, 413 S.W.2d 698, 701 (Tex. 1967). "[O]nce the child is brought under its jurisdiction by suit and pleading cast in terms of custody and control, it becomes the duty of the court in the exercise of its equitable powers to make proper disposition of all matters comprehended thereby in a manner supported by the evidence." *Id*.

Here, there is no question that the trial court had continuing jurisdiction over this case. *See* Tex. Fam. Code Ann. §§ 155.001, 155.003 (Vernon 2008). M.E.T., accompanied by counsel, was present on the first scheduled hearing date and requested and received a continuance. Two weeks later, he was present, with counsel, and testified at the hearing. Both parents have previously asked the court to rule on possession issues. Furthermore, the court's injunction and order do not change the terms of possession. Due to the parents' inability to communicate with civility, the court placed limitations on their interactions with one another because doing so was in the child's best interest. Additionally, the court ordered them to attend parent education classes, write book reports, designate someone else to be present to exchange the child, communicate by certified mail and regular United States mail, and ordered L.H. to attend group counseling, all because doing so was in the best interest of the child.

2

The court had jurisdiction over the matters of child custody and control. The testimony clearly illustrated that L.H. and M.E.T. are combative and that their acts and attitudes tend to perpetuate the conflicts between them. M.E.T. had notice of the acrimonious relationship he has with his son's mother and that the court has jurisdiction to order them to make adjustments that are in the child's best interest. *See In re Macalik*, 13 S.W.3d 43, 45 (Tex. App.–Texarkana 1999, no pet.). Furthermore, while the court's injunction and order may affect the details of M.E.T.'s access to B.J.H.-T., the limitations do not restrict M.E.T.'s access to or possession of his child. No pleadings were necessary for the imposition of these limitations. *See MacCallum v. MacCallum*, 801 S.W.2d 579, 586-87 (Tex. App.–Corpus Christi 1990, writ denied) (court restricted activities of children while in possession of father and no pleadings were necessary for imposition of this restriction). We overrule M.E.T.'s first and fourth issues.

## RIGHT TO JURY TRIAL

In his ninth issue, M.E.T. asserts that, because he had no notice of the matters addressed in the court's sua sponte injunction and order, he did not have the opportunity to request a jury. Therefore, he argues, the trial court denied him his constitutional right to a trial by jury.

Texas Family Code Section 105.002 unambiguously provides that the court may not submit to the jury questions on the issues of a specific term or condition of possession of or access to the child or any right or duty of a conservator, other than the determination of who has the exclusive right to designate the primary residence of the child. TEX. FAM. CODE ANN. § 105.002(c)(2) (Vernon 2008). Likewise, the jury is not entitled to determine the expediency, necessity, or propriety of equitable relief. *Priest v. Tex. Animal Health Comm'n*, 780 S.W.2d 874, 876 (Tex. App.–Dallas 1989, no writ). Thus, M.E.T. did not have a right to a jury trial on the issues contained in the injunction and modification order. *See In re Samford*, 249 S.W.3d 761, 763 (Tex. App.–Texarkana 2008, orig. proceeding). The trial court did not deny M.E.T. his constitutional right to a trial by jury. We overrule M.E.T.'s ninth issue.

## INJUNCTION AND MODIFICATION

In his second issue, M.E.T. contends the trial court erred in ordering injunctive relief because the evidence is not legally or factually sufficient to show the existence of a wrongful act, imminent harm, irreparable injury, or the absence of an adequate remedy at law. In his seventh

issue, M.E.T. contends the evidence is not legally or factually sufficient to support the modification order. He argues that the evidence does not show that conditions have changed or that modification is in the child's best interest. In his third issue, M.E.T. asserts that the trial court violated Family Code Sections 153.073 and 153.193 because there is no evidence that the limitations imposed by the court are in the child's best interest. In his tenth issue, M.E.T. contends the trial court abused its discretion by denying his request for make-up visitation.

## Applicable Law

The grant or refusal of a permanent injunction is ordinarily within the sound discretion of the trial court and, on appeal, review of the trial court's action is limited to the question of whether the action constituted a clear abuse of discretion. *Priest*, 780 S.W.2d at 875. A trial court may modify an order establishing conservatorship of or possession of and access to children if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order. TEX. FAM. CODE ANN. § 156.101(a) (Vernon Supp. 2010). A trial court's modification order is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). Under an abuse of discretion standard, legal and factual sufficiency are not independent grounds for asserting error, but are relevant factors in assessing whether a trial court abused its discretion. *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.–Dallas 2004, no pet.).

## Discussion

Because the applicable standard of review requires us to review the entire record, we must first address the state of the appellate record. Here, M.E.T.'s designation of record on appeal requests the reporter's records for six hearings between October 29, 2007, and May 1, 2009. The first docket sheet entry in this case, on April 11, 2007, states only "CSRP." Over the next two years there were numerous hearings. The appellate record contains reporter's records from only those hearings requested by M.E.T.

An appellant must request in writing that the official reporter prepare the reporter's record, and that request must designate the exhibits and portions of the proceedings to be included in the record. TEX. R. APP. P. 34.6(b)(1). To minimize expense and delay, an appellant may request a partial reporter's record. TEX. R. APP. P. 34.6(c)(1); *Jaramillo v. The Atchison,*

4

*Topeka & Santa Fe Ry. Co.*, 986 S.W.2d 701, 702 (Tex. App.–Eastland 1998, no pet.). An appellant who requests a partial record must also include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. TEX. R. APP. P. 34.6(c)(1). If an appellant complies with Rule 34.6(c)(1), an appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues. TEX. R. APP. P. 34.6(c)(4). In other words, he is entitled to the benefit of the presumption that the omitted portions of the record are not relevant to the disposition of the appeal. *Brown v. McGuyer Homebuilders, Inc.*, 58 S.W.3d 172, 175 (Tex. App. – Houston [14th Dist.] 2001, pet. denied).

However, when an appellant appeals with a partial reporter's record but does not provide the list of points or issues required by Rule 34.6(c)(1), the presumption arises that the omitted portions support the trial court's findings. *Jaramillo*, 986 S.W.2d at 702. Moreover, when portions of the record are missing and an appellant completely fails to submit his statement of points or issues, an appellate court is required, pursuant to Rule 34.6, to affirm the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002). Thus, a party seeking to challenge the legal or factual sufficiency of the evidence on appeal has the burden of bringing forward a complete or agreed statement of facts, or have it presumed by the appellate court that there was evidence to support the findings in the absent portion of the record. *Englander Co. v. Kennedy*, 428 S.W.2d 806, 806-07 (Tex. 1968). Although M.E.T. did not request the reporter's records of all hearings in this case, he did not include a statement of the points or issues to be presented on appeal. Because M.E.T. did not comply with Rule 34.6(c)(1), we must presume that the omitted portions of the reporter's record support the trial court's judgment regarding issues raised in those hearings for which there is no reporter's record. *Jaramillo*, 986 S.W.2d at 702.

Furthermore, the record on appeal supports the trial court's injunction and order. The partial record before us shows a history of antagonism between L.H. and M.E.T. M.E.T.'s assertion that the trial court violated Sections 153.073 and 153.193 has no merit. Section 153.073 provides that a parent has certain rights "unless limited by court order," anticipating that a trial court can limit a parent's rights. Thus, the limitation M.E.T. complains of is not unauthorized by Section 153.073. *See* TEX. FAM. CODE ANN. § 153.073 (Vernon 2008). Section 153.193 merely requires limitations on a parent's rights to be supported by evidence that the

limitations are in the child's best interest. *See* TEX. FAM. CODE ANN. § 153.193 (Vernon 2008). Again, we presume that the missing portions of the record support the judgment. ***Jaramillo***, 986 S.W.2d at 702. Finally, the partial record shows that the trial court has in the past meticulously ordered make-up visitation for M.E.T. M.E.T. does not provide details such as how many days he missed or present us with the motion asking for make-up visitation. But based on the record before us, it appears he missed two weekends, one of which came after his requested continuance. The partial record does not show that the trial court's decision to deny make-up visitation was an abuse of discretion, and we presume the missing portion of the record also supports the trial court's ruling. ***Id***. We overrule M.E.T.'s second, third, seventh, and tenth issues.

## WRITTEN ORDER

In his fifth issue, M.E.T. contends the trial court's written order does not conform to all of the provisions announced in open court. Specifically, he states that the court orally ordered him and L.H. to attend a "Child Support Review Process" with the office of the attorney general, but the written order does not contain that provision.

The Texas Rules of Appellate Procedure require an appellant's brief to contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). Issues on appeal are waived if an appellant fails to support his contention by citations to appropriate authority. ***Abdelnour v. Mid Nat'l Holdings, Inc.***, 190 S.W.3d 237, 241 (Tex. App.–Houston [1st Dist.] 2006, no pet.). Here, M.E.T.'s argument under his fifth issue consists of four sentences. While he does cite to the record, he does not cite to any supporting authority. Therefore, he has waived this issue due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i); ***Abdelnour***, 190 S.W.3d at 241.

We note, however, that the oral pronouncement M.E.T. refers to was made at the hearing on his motion for new trial. The trial court later signed a written order granting his motion as to the healthcare provisions in the February 25, 2009 order and otherwise denying the motion for new trial. In his motion for new trial, M.E.T. did not request the trial court order them to attend a "Child Support Review Process." At the hearing, the court determined that the best way to address the issue of health insurance for the child was for the attorney general's office to handle it. The court told the parties to "do a C.S.R.P. next Thursday." At the close of the hearing, the

6

court said "I'm ordering y'all to a C.S.R.P." and told them to go talk to someone in the attorney general's office.

An order is valid when orally pronounced in open court. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex. 1980) (orig. proceeding). An order pronounced from the bench is "rendered" when it is officially announced in such a manner, and is valid from that time; its formal entry is only a ministerial act. *Ex parte Cole*, 778 S.W.2d 599, 600 (Tex. App. – Houston [14th Dist.] 1989, orig. proceeding). Thus, the trial court's oral order for the parties to see someone in the attorney general's office to "do a C.S.R.P." was valid and remains valid until or unless it is vacated, set aside, modified, or amended as an exercise of the court's continuing jurisdiction, even in the absence of a written order. *Id*. We overrule M.E.T.'s fifth issue.

## TRIAL COURT BIAS

In his eighth issue, M.E.T. asserts that the trial court "indicated a clear bias not supported by evidence in the record nor presented in open court." He contends the trial court trampled on his rights, with a disregard for justice, and if this court does not find that the trial court was biased, it will result in injustice to B.J.H.-T. for the duration of the court's jurisdiction over his best interests.

M.E.T. did not raise the issue of bias in the trial court. Bias, like any other form of error, must be preserved in the trial court. *See* TEX. R. APP. P. 33.1; *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Thus, M.E.T. has waived this issue on appeal. We overrule M.E.T.'s eighth issue.

## MOTION TO AUDIO RECORD

In his sixth issue, M.E.T. contends the trial court erred in denying his motion to audio record all hearings without holding an evidentiary hearing. Relying on rule of civil procedure 18c, he argues that the trial court abused its discretion because it failed to apply the law correctly.

M.E.T. filed his notice of appeal on May 26, 2009 complaining of the trial court's February 25, 2009 order. He filed his motion to audio record all hearings on June 18, 2009, and it was denied by the trial court's order signed June 19, 2009. M.E.T.'s notice of appeal does not

apply to the June 18 order.  Thus, this court does not have jurisdiction over this issue.  *See* TEX. R. APP. P. 25.1.


## DISPOSITION

We dismiss M.E.T.'s sixth issue for want of jurisdiction.  Because M.E.T. has not shown that the trial court erred, we ***affirm*** the trial court's injunction and order of modification.


### BRIAN T. HOYLE
Justice


Opinion delivered March 2, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

8