

NUMBER 13-15-00533-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

JUAN ANGEL GUERRA,                                                    Appellant,

v.

RAUL P. FLORES,                                                         Appellee.

On appeal from the 197th District Court
of Willacy County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

Appellee Raul P. Flores, a professional engineer, brought suit against appellant Juan Angel Guerra in quantum meruit to recover the value of engineering services that appellee performed for appellant at four sites. After a bench trial, the trial court entered a judgment ordering appellant to pay appellee $20,000. Appellant prosecutes this appeal from the trial court's judgment by providing a partial reporter's record of the bench trial, which includes only his trial testimony. We affirm.

## I.      Statute of Limitations[1]

As we understand his first issue, appellant contends that appellee's suit in quantum meruit was barred by the statute of limitations, which is an affirmative defense.  *See* TEX. R. CIV. P. 94.  Appellant raised limitations as a defense, and therefore, he had the burden to prove it at trial.  *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988).  The trial court impliedly rejected appellant's limitations defense when it found for appellee in quantum meruit.  Consequently, we construe appellant's first issue as challenging the legal sufficiency of the evidence to support the trial court's implied finding that appellee's suit was filed within the limitations period.

## A.      Standard of Review

When, as here, a party attacks the legal sufficiency of an adverse finding on an issue on which he had the burden of proof at trial, he must demonstrate on appeal that the evidence conclusively establishes, as a matter of law, the contrary proposition.  *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).  A reviewing court must "first examine the record for evidence that supports the [adverse] finding, while ignoring all evidence to the contrary."  *Id.*  If there is no evidence to support the finding, the reviewing court must then examine the entire record to determine if the contrary proposition is established as a matter of law.  *Id.*  The legal sufficiency challenge should be sustained only if the contrary proposition is conclusively established.  *Id.*

The fact-finder is the "sole judge of the credibility of the witnesses and the weight to give their testimony" and "may choose to believe one witness and disbelieve another." *City of Keller v. Wilson*, 168 S.W.3d 802, 819–20 (Tex. 2005).  When conducting a legal

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

2

sufficiency review, a reviewing court "cannot impose [its] own opinions to the contrary."

*Id.*

## B.	Partial Reporter's Record

It is an appellant's burden to supply an appellate court with a complete record demonstrating why the trial court reversibly erred.  *See* Tex. R. App. P. 34.6; *see also* *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990).  As noted above, appellant has chosen to prosecute this appeal on a partial reporter's record.

> When the reporter's record is incomplete, a presumption arises that the missing portions of the reporter's record support the trial court's judgment. A party who wishes to file a partial reporter's record can rebut this presumption by filing and serving a request for partial reporter's record which states the points of error to be relied upon for the appeal.  A presumption then arises that the omitted portions of the reporter's record do not affect the outcome of the appeal.

*Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co.*, 986 S.W.2d 701, 702 (Tex. App.—Eastland 1998, no pet.).

In this case, appellant neither filed and served a request for a partial reporter's record on appellee nor stated the points of error he would be relying upon.  *See id.* Therefore, we must presume that the missing portion of the reporter's record supports the trial court's decision to reject appellant's limitations defense.  *See id.*  Nevertheless, immediately below, we endeavor to address appellant's legal sufficiency issue on the partial reporter's record that he has provided to this Court.

## C.	Analysis

As noted above, to properly analyze appellant's sufficiency issue, we would first need to examine the record for evidence that supports a finding that appellee's suit was filed within the statute of limitations, while ignoring all evidence to the contrary.  *See Dow Chem. Co.*, 46 S.W.3d at 241.  If there was no evidence to support that finding, we would

3

then need to examine the entire record to determine if the evidence conclusively established that appellee's suit was filed outside the statute of limitations.  *See id.*

Without the entire record, we cannot perform a meaningful analysis of appellant's sufficiency issue.  The reason is that, even if the partial record does not support a finding that appellee filed suit within limitations, we could only sustain appellant's sufficiency issue if the evidence conclusively established a contrary finding after reviewing the entire record.  *See id.*  Instead of providing the entire record, appellant has opted to prosecute this appeal with only a snippet of his own trial testimony.[2]  Therefore, we overrule appellant's first issue.[3]

## II.    Conclusion

We affirm the trial court's judgment.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
26th day of October, 2017.

---

[2] At any rate, it is worth noting that appellant's limitations defense is not conclusively established based on our review of the partial record he has provided.

[3] Appellant's second and third issues are also legal sufficiency challenges.  Specifically, appellant complains that the evidence was legally insufficient to support a finding that appellant had been reasonably notified of the fact that appellee expected to be paid for the engineering services.  Such a finding is essential to support a claim in quantum meruit.  *See Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (stating that to recover in quantum meruit, the plaintiff must prove "(1) that valuable services were rendered . . . were furnished, (2) for the person sought to be charged, (3) which services . . . were accepted by the person sought to be charged, used and enjoyed by him, (4) *under such circumstances [that] reasonably notified the person sought to be charged that the plaintiff, in performing such services, was expecting to be paid by the person sought to be charged*") (emphasis added).  However, sustaining appellant's second and third issues would require a review of the entire record, which appellant has not provided on appeal.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005) (requiring a review of the entire record to sustain a legal sufficiency point).  Therefore, appellant's second and third issues fail for the same reason his first issue does—due to an inadequate record to properly analyze his legal sufficiency issues.