Margaret PARKER and Jimmy Harville, Both Individually and As Next Friends of Sidney Harville, A Minor, Appellants,

v.

Shannan Weaver BAREFIELD and Champion EMS, Appellees.

No. 12–05–00111–CV.

Court of Appeals of Texas, Tyler.

Jan. 25, 2006.

Michael R. McGown, Kathleen Marie Kennedy, Benckenstein Norvell & Nathan LLP, Beaumont, Richard S. Fischer, for appellants.

L. Cullen Moore, Nathan M. Rymer, Debra Ibarra Mayfield, Rymer, Moore, Jackson & Echols, P.C., Houston, for appellees.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

### JAMES T. WORTHEN, Chief Justice.

In one issue, Appellants Margaret Parker and Jimmy Harville, both individually and as next friends of Sidney Harville, a minor, challenge the dismissal of their claim against Appellees Shannan Weaver Barefield and Champion EMS following the sustaining of special exceptions. Because Appellants failed to preserve their complaint for appellate review, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellants sued Appellees for negligence in providing care to eighteen month old Sidney at an accident scene on U.S. Highway 84 in Rusk County. About a year later, on October 4, 2004, the court entered a docket control order, which set a deadline of December 30, 2004 for amending pleadings to assert new causes of action or defenses and set a trial date of May 9, 2005. On January 13, 2005, Appellees filed a motion to dismiss for failure to state a cause of action, which included special exceptions to Appellants' original petition. In the motion, Appellees contended that Barefield was an emergency medical service person who was shielded from liability under Section 74.152 of the Texas Civil Practice and Remedies Code, also known as the Good Samaritan Statute. See TEX. CIV. PRAC. & REM.CODE § 74.152 (Vernon 2005). Consequently, Appellees contended, they could be held liable only if they acted with willful or wanton negligence. See Moore v. Trevino, 94 S.W.3d 723, 728 (Tex.App.-San Antonio 2002, pet. denied) (section 74.002, predecessor to section 74.152, shields emergency medical service personnel from liability unless they acted willfully or with wanton negligence). Appellants pleaded only simple negligence.

Fifteen days later, on January 28, 2005, Appellants filed an amended original petition alleging that Appellees acted with willful and wanton negligence. On February 16, Appellants filed a response to Appellees' motion to dismiss, asking for leave to amend their original petition to allege willful and wanton negligence by Appellees. One week later, on February 23, the trial court entered an order sustaining Appellees' special exceptions and granting the motion to dismiss with prejudice. Appellants filed no further pleadings in the trial court except their notice of appeal to this Court.

### PRESERVATION OF ERROR

In their sole issue, Appellants contend that the trial court erred when it dismissed their claim with prejudice instead of allowing them to amend their petition to allege willful and wanton negligence after the special exceptions had been sustained. Appellees respond that Appellants failed to preserve for appellate review any error the trial court may have made in dismissing the case with prejudice at the same time it sustained the special exceptions. See TEX.R.APP. P. 33.1(a). To preserve a complaint for appellate review, the party must have presented a timely request, objection, or motion to the trial court, stating the specific grounds for the ruling it sought, and obtained a ruling on the request, objection, or motion. Id. Before a party may complain that it was denied the opportunity to amend after special exceptions were sustained, it must demonstrate that such an opportunity was requested and denied. Inglish v. Prudential Ins. Co. of America, 928 S.W.2d 702, 705 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (citing San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209–10 (Tex.1990)). Where a party is denied the right to amend, and that fact is not reflected in the record, a motion for new trial will preserve the error. Inglish, 928 S.W.2d at 705.

In the instant case, Appellants never requested, by motion for new trial, rehearing, or otherwise, the opportunity to amend their original petition after the trial court sustained Appellees' special exceptions. Had the Appellants requested an opportunity to amend their original petition to add a willful and wanton negligence claim, they would have been entitled to do so. *See Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex.1998); *see also Sunbelt Tectonics, Inc. v. Ramirez,* 742 S.W.2d 771, 774 (Tex.App.-San Antonio 1987, no writ) (when special exceptions are sustained, the party may amend to meet the exceptions as a matter of right). However, it is a basic tenet of our jurisprudence that the trial court must have an opportunity to correct a ruling it has made in error to preserve the error for appeal. *See Lewis v. Tex. Employers' Ins. Ass'n,* 151 Tex. 95, 246 S.W.2d 599, 600 (1952); *see also Hardeman v. Judge,* 931 S.W.2d 716, 720 (Tex.App.-Fort Worth 1996, writ denied) (party failing to object to an erroneous ruling and bring that error to a trial court's attention does not preserve error for appellate review). Because Appellants did not call the error to the trial court's attention after it sustained Appellees' special exceptions, we hold that Appellants failed to preserve this issue for appeal. Appellants' sole issue is overruled.

## DISPOSITION

Having overruled Appellants' sole issue, we **affirm** the trial court's order dismissing the case with prejudice.