**Ellen Hendry WHEELER, Appellant,**

v.

**June GREENE, Jerry Baker and David Hendry, Appellees.**

No. 12–03–00171–CV.

Court of Appeals of Texas, Tyler.

March 15, 2006.

Rehearing Overruled May 2, 2006.

Gilbert M. Hargrave, Athens, for appellant.

Brad Beers, Beers & Associates, Houston, for appellee.

Troy L. Greene, for David Hendry.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Ellen Hendry Wheeler appeals the trial court's judgment, in which it found that June Greene, Jerry Baker, and David Hendry[1] were the Trustees of the Living Trust of Earl E. Hendry and Ethel D. Hendry (the "Settlors") and awarded attorney's fees to the Trustees. Wheeler raises five issues on appeal. We affirm.

### BACKGROUND

On May 6, 1998, the Settlors created a trust naming their six children as trustees in various capacities. Thereafter, Wheeler filed suit against the Trustees for judicial construction of the Settlors' trust. She further sought removal of the Trustees and the disposition of certain trust property. On December 20, 2002, the trial court entered a take nothing judgment and severed the Trustees' counterclaims against Wheeler.

The trial court subsequently conducted a bench trial on the Trustees' counterclaims and entered a final judgment awarding attorney's fees to the Trustees. On April 11, 2003, Wheeler filed a motion for new trial based on undiscovered evidence. Thereafter, upon Wheeler's request, the trial court entered findings of fact and conclusions of law, which read, in pertinent part, as follows:

(D) The court determined in Cause No. 00A–339–A[2] that Wheeler was removed as a trustee by the [Settlor].

. . . .

(J) Wheeler was removed as a trustee of the trust by the [Settlor].

On May 8, 2003, the trial court denied Wheeler's motion for new trial, and this appeal followed.

### LEGAL SUFFICIENCY

In her third issue, Wheeler contends that the trial court's findings (D) and (J) are not supported by legally sufficient evidence because there is no evidence that Wheeler was removed as trustee. Appellees argue that Wheeler has filed an incomplete reporter's record and that our analysis is governed by the presumption that the omitted portions of the reporter's record support the trial court's findings.

An appellant must request in writing that the official reporter prepare the reporter's record, and that request must designate the exhibits and portions of the proceedings to be included in the record. TEX.R.APP. P. 34.6(b)(1). A copy of this request must be filed with the trial court clerk. TEX.R.APP. P. 34.6(b)(2). However, in order to minimize the expense and delay associated with the appellate process, an appellant may request a partial

---

1. Greene, Baker, and Hendry are referred to collectively as the "Trustees" or "Appellees."

2. Cause No. 00A–339–A refers to Wheeler's previous suit in which a take nothing judgment was entered on December 20, 2002.

reporter's record. TEX.R.APP. P. 34.6(c)(1); *Jaramillo v. The Atchison, Topeka & Santa Fe Ry. Co.*, 986 S.W.2d 701, 702 (Tex. App.-Eastland 1998, no pet.). An appellant who requests a partial record must also include in the request a statement of the issues to be presented on appeal and will then be limited to those points or issues. *See* TEX.R.APP. P. 34.6(c)(1). However, it is sufficient if the statement of points or issues is filed with, rather than in, an appellant's request for a partial reporter's record. *See Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991).

If an appellant complies with Rule 34.6(c)(1), an appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated issues. *See* TEX.R.APP. P. 34.6(c)(4); *Brown v. McGuyer Homebuilders, Inc.*, 58 S.W.3d 172, 175 (Tex.App.-Houston [14th Dist.] 2001, pet. denied), *declined to follow on other grounds, Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex.2002). In other words, the appellant is entitled to the benefit of the presumption that the omitted portions of the record are not relevant to the disposition of the appeal. *See Brown*, 58 S.W.3d at 175 (citing TEX.R.APP. P. 34.6(c)(4)); *Jaramillo*, 986 S.W.2d at 702. Such a presumption applies even if the statement includes a point or issue complaining of the legal or factual sufficiency of the evidence to support a specific factual finding identified in that point or issue. TEX.R.APP. P. 34.6(c)(4); *Bennett*, 96 S.W.3d at 228. However, when an appellant appeals with a partial reporter's record, but does not provide the list of points or issues as required by Rule 34.6(c)(1), the presumption arises that the omitted portions support the trial court's findings. *See Jaramillo*, 986 S.W.2d at 702; *Richards v. Schion*, 969 S.W.2d 131, 133 (Tex. App.-Houston [1st Dist.] 1998, no pet.).

Moreover, if an appellant completely fails to submit her statement of issues, an appellate court is required by the rules to affirm the trial court's judgment. *See Bennett*, 96 S.W.3d at 229 (citing *Richards*, 969 S.W.2d at 133).

In the case at hand, Wheeler requested what amounts to a partial reporter's record. In conjunction with her request, Wheeler stated, in pertinent part, as follows:

> Appellant hereby designates that she only presents on appeal those issues considered by the trial court in the severed cause number 00A–339B, including the trial court's denial of continuance of the trial on the merits for lack of discovery and other reasons including the court's finding that all necessary parties had been joined and allowing the case to proceed, the trial court's ruling and order determining the present trustees of the E.E. and E.D. Hendry Living Trust, the trial court's ruling striking Appellant's answer, all other trial court rulings on evidentiary and other matters during the hearings and trial on the merits, the trial court's judgment and findings in its judgment and other orders in the severed cause concerning reasonable and necessary attorney's fees and justifications for award of attorney's fees and segregation of fees and all of the trial court's findings of fact and conclusions of law concerning all of the above listed matters and any other matters in the severed cause 00A–339B, including but not limited to findings of fact and conclusions of law in the severed cause as to what the trial court found in the causes from which this cause was severed.

Wheeler's statement of issues she intends to raise on appeal is not sufficient to create the presumption that the record designated is the entire record. Rule 34.6 states

that the appellant will be limited to the points or issues she includes in her statement. *See* TEX.R.APP. P. 34.6(c)(1). Wheeler's statement designating "all other trial court rulings on evidentiary and other matters during hearings and trial," "the trial court's judgment and findings in its judgment" concerning attorney's fees, and "all of the trial court's findings of fact and conclusions of law concerning . . . any other matters in the severed cause" are so broad in scope that they do not enable Appellees to anticipate what portions of the record they may need to designate.

In support of her position that she has properly designated the issues for appeal, Wheeler relies on the court's holding in *Bennett* that the court of appeals was not precluded from reviewing a legal and factual sufficiency issue where the appellant filed his statement of issues two months after he perfected his appeal. *See Bennett*, 96 S.W.3d at 229. However, the court noted that had Bennett failed submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment. *Id.* In closing, the court stated:

> Our appellate rules are designed to further the resolution of appeals on the merits. [citation omitted]. We will interpret these rules, when possible to achieve that aim. However, litigants should not view our relaxation of the rules in a particular case as endorsing noncompliance. While we seek to resolve appeals on their merits, litigants who ignore our rules do so at the risk of forfeiting appellate relief.

*Id.* at 230.

The present case does not involve a statement of issues that was filed late and is, therefore, distinguishable from the facts in *Bennett*. To the contrary, the statement of issues here seeks to encompass a host of unnamed issues by its general language. It contains no limitations as to the scope of the issues and affords Appellees little, if any, notice of what Wheeler seeks to appeal. Even though Wheeler did make reference to the "trial court's ruling and order determining the present trustees of the E.E. and E.D. Hendry Living Trust," an order that was later incorporated in the judgment and findings that are now the subject of Wheeler's legal sufficiency challenge, such a reference is so mired in generalities that it provides Appellees with no more notice than if Wheeler had made no designation of issues at all. *See, e.g., CMM Grain Co., Inc. v. Ozgunduz*, 991 S.W.2d 437, 439 (Tex.App.-Fort Worth 1999, no pet.) (a general statement identifying the portion of the judgment appealed from and declaring an intention to appeal that portion of the judgment is insufficient to satisfy the narrow purpose of Rule 34.6(c)). Thus, we cannot conclude that Wheeler has complied with Rule 34.6(c) and must presume that the omitted portions of the record support the trial court's findings. We hold that the evidence is legally sufficient to support the trial court's finding (J)—that "Wheeler was removed as a trustee of the trust by the [Settlor]."[3] Wheeler's third issue is overruled.

### MOTION FOR NEW TRIAL

In her first issue, Wheeler contends that the trial court erred in failing to grant her motion for new trial based on newly discovered evidence. The newly discovered evidence upon which Wheeler's motion was based is two letters dated June 8, 2001 written by Wheeler's attorney to

---

3. Because we have held that the evidence is legally sufficient to support the trial court's finding (J), the trial court's finding (D), related to cause number 00A–339–A, is immaterial. Therefore, we do not address it.

the Trustees and the attorney for the Settlors.

■ We review a trial court's ruling on a motion for new trial based on newly discovered evidence for an abuse of discretion. *Mitchell v. Bank of America, N.A.*, 156 S.W.3d 622, 629 (Tex.App.-Dallas 2004, pet. denied). A party seeking a new trial on the ground of newly discovered evidence must show the trial court that (1) the evidence has come to her knowledge since the trial, (2) it was not owing to the want of due diligence that it did not come sooner, (3) it is not cumulative, and (4) it is so material that it would probably produce a different result if a new trial were granted. *See Dallas Ind. School Dist. v. Finlan*, 27 S.W.3d 220, 240 (Tex.App.-Dallas 2000, pet. denied), (citing *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983), *overruled on other grounds, Moritz v. Preiss*, 121 S.W.3d 715, 721 (Tex.2003)).

The Trustees contend that the trial court did not abuse its discretion in overruling Wheeler's motion for new trial because the evidence upon which it was based was not "newly discovered." We agree. The letters, which were dated June 8, 2001 and signed by Wheeler's attorney, could not possibly have come to his knowledge since the trial in 2003 because such letters predated the trial. Further, Wheeler has failed to demonstrate that it was not for want of due diligence that she did not discover such evidence sooner. In support of Wheeler's motion for new trial, Wheeler's attorney stated in his affidavit that he was unable to locate these two letters because of the voluminous nature of the files in her cases. We hold that an inability to navigate one's own filing system cannot give rise to a claim of newly discovered evidence. Wheeler's first issue is overruled.

### MOTION FOR CONTINUANCE

■ In her second issue, Wheeler contends that the trial court erred in denying her motion for continuance with regard to the Trustees' motion for summary judgment and motion to determine authority. The Trustees respond that this issue has been waived because Wheeler did not obtain a ruling from the trial court denying her motion for continuance. We agree. Failure to obtain a ruling from the trial court on a motion for continuance fails to preserve error for appellate review. *See Mitchell v. Bank of America, N.A.*, 156 S.W.3d 622, 626 (Tex.App.-Dallas 2004, pet. denied); *Rangel v. State Bar of Texas*, 898 S.W.2d 1, 3 (Tex.App.-San Antonio 1995, no writ) (refusing to consider appellant's complaints with respect to motion for continuance because the trial court did not rule on motion.); *see also* Tex.R.App. P. 33.1(a). Wheeler's second issue is overruled.

### MEDIATION

■ In her fourth issue, Wheeler contends that the trial court abused its discretion by not ordering mediation in the case as required by the terms of the trust. The Trustees respond that Wheeler never obtained a ruling on her request for mediation. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. *See* Tex.R.App. P. 33.1(a); *Parker v. Barefield*, No. 12–05–00111–CV, 2006 WL 176837, at *1, —— S.W.3d ——, at —— (Tex.App.-Tyler Jan.25, 2006, no pet.). If a party fails to obtain a ruling, error is not preserved and the complaint on appeal is waived. *Id.* Here, since the record does not indicate that the trial court ever made a ruling on

Wheeler's motion for mediation, we hold that Wheeler has failed to preserve error. Wheeler's fourth issue is overruled.

### PLEA IN ABATEMENT

 In her fifth issue, Wheeler contends that the trial court erred in denying her plea in abatement for lack of joinder of necessary parties. The Trustees respond that Wheeler has waived this issue because she failed to obtain a ruling from the trial court on her plea in abatement. We agree. It is necessary for a complaining party to obtain a ruling on a motion for a plea in abatement to avoid waiving her right to complain of it on appeal. *See Cadle Company v. Estate of Weaver*, 897 S.W.2d 814, 816–17 (Tex.App.-Dallas 1994, writ denied); *Associated Indemnity Corp. v. Kyles*, 704 S.W.2d 474, 477 (Tex.App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.). Since here Wheeler failed to obtain a ruling on her motion for a plea in abatement, she has waived the issue on appeal. Wheeler's fifth issue is overruled.

### DISPOSITION

Having overruled Wheeler's issues one, two, three, four, and five, we *affirm* the trial court's judgment.