

## NUMBER 13-13-00717-CV

## COURT OF APPEALS

## THIRTEEN DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**DOUGLAS MICHAEL BULTHUIS,**                      **Appellant,**

**v.**

**JOSE JUAN AVILA,**                          **Appellee.**

---

On appeal from the 370th District Court
of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Chief Justice Valdez**

In this action for defamation per se, appellant Douglas Michael Bulthuis sued appellee Jose Juan Avila for publishing an allegation of sexual assault that one of appellant's coworkers made against appellant, which was found to be untrue. The jury

awarded appellant $750,000 for past and future mental anguish and injury to his reputation and $100,000 in exemplary damages. Thereafter, appellee moved for judgment notwithstanding the verdict arguing that there was no evidence to support the jury's damage award, and the trial court rendered judgment awarding only nominal damages of ten dollars to appellant. Because the trial court awarded only nominal damages of ten dollars, it also denied appellant taxable court costs pursuant to Texas Rule of Civil Procedure 137. *See* TEX. R. CIV. P. 137 (providing that a plaintiff in a defamation action shall not recover court costs if recovery is for less than twenty dollars). By two issues, appellant contends that the trial court erred in (1) entering judgment notwithstanding the verdict, and (2) denying him taxable court costs. We affirm.

## I. JUDGMENT NOTWITHSTANDING THE VERDICT [1]

In his first issue, appellant contends that the trial court erred in entering judgment notwithstanding the verdict. Specifically, appellant argues that the trial court erred by not reviewing all the evidence presented at trial before it disregarded the jury's award of damages and awarded only nominal damages. Appellant asserts that had the trial court reviewed all the evidence, it would have found that the evidence was legally sufficient to support the jury's damage award and would not have entered judgment notwithstanding the verdict.

A trial court may disregard a jury's verdict and render judgment notwithstanding the verdict pursuant to Texas Rule of Civil Procedure 301 if no evidence supports the jury's findings. *See* TEX. R. CIV. P. 301 (authorizing judgments notwithstanding verdicts); *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 318 (Tex. App.—Houston

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[1st Dist.] 2007, no pet.). On appeal, we review a judgment notwithstanding the verdict under the legal sufficiency standard of review. *Rosenblatt*, 240 S.W.3d at 318. Under this legal sufficiency standard, we must review *all* the evidence presented at trial to determine "whether the evidence . . . would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally insufficient when: (1) there is a complete absence of evidence of a vital fact; (2) rules of law or evidence preclude the factfinder from giving any weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Id*. at 810.

In this case, appellant filed a partial reporter's record, which contains no exhibits admitted at trial and only snippets of witness testimony. On the partial record before us, it is impossible to properly apply the legal sufficiency standard, which, as previously noted, requires a review of *all* the evidence presented at trial. *See id*. at 827.

Under our rules of appellate procedure, it is an appellant's burden to supply an appellate court with a complete record demonstrating that the trial court reversibly erred. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). When an appellant files a partial reporter's record, a presumption arises that the missing portions of the reporter's record support the trial court's judgment. *See Jaramillo v. Atchison, Topeka & Santa Fe Ry. Co.*, 986 S.W.2d 701, 702 (Tex. App.—Eastland 1998, no pet.). However, an appellant who files a partial reporter's record can avoid this presumption by including a statement of the issues to be presented for appeal; if the appellant includes a statement designating the issues for appeal, a contrary presumption arises that the partial reporter's

3

record constitutes the "entire record" for purposes of reviewing the issues designated.[2] *See* TEX. R. APP. P. 34.6(c)(4) (providing that an "appellate court must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues").

In this case, while appellant requested that the court reporter prepare a partial reporter's record, he did not designate the issues to be presented on appeal, and he makes no argument that the record before us contains such designation. Because we have a partial reporter's record but no statement from appellant designating the issues to be presented on appeal, we must presume that the missing portions of the reporter's record support the trial court's judgment notwithstanding the verdict. *See Wheeler v. Greene*, 194 S.W.3d 1, 5 (Tex. App.—Tyler 2006, no pet.) (rejecting appellant's legal sufficiency challenge on appeal when he filed a partial reporter's record but did not designate the issues to be presented on appeal—thus giving rise to a presumption that the omitted portions of the record supported the trial court's judgment); *see also Cochran v. Fed. Nat'l Mortg. Ass'n*, No. 13-12-00448-CV, 2013 WL 4675870, at *2 (Tex. App.—Corpus Christi Aug. 1, 2013, pet. dism'd) (mem. op.) (citing *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) and observing that "[a]bsent a complete record on appeal, we must presume items omitted from the record support the trial court's judgment."); *Pye's Auto Sales, Inc. v. Gulf States Fin. Co.*, No. 01-05-00670-CV, 2007 WL 1559933, at *3 (Tex. App.—Houston [1st Dist.] May 31, 2007, no pet.) (mem. op.) (same); *CMM Grain*

---

[2] The reason for this rule is that when an appellant gives proper notice of the limited issues being appealed, all parties have the opportunity to designate the relevant portions of the record, the partial record is filed, and all parties brief the identified issues in light of that record. *See* TEX. R. APP. P 34.6(c)(2).

*Co., Inc. v. Ozgunduz*, 991 S.W.2d 437, 439–40 (Tex. App.—Fort Worth 1999, no pet.) (same).[3]

Appellant attempts to avoid the presumption that the omitted portions of the reporter's record support the trial court's judgment by arguing that even the partial record before us contains enough evidence to demonstrate the error in the trial court's judgment. Specifically, appellant asserts that the partial record before us contains at least "more than a scintilla" of evidence to support the jury's damage award for defamation per se, which, according to appellant, is all the trial court needed in order to find that the jury's verdict passed the test for legal sufficiency. *See City of Keller*, 168 S.W.3d at 810 (observing that evidence is legally sufficient if the evidence offered to prove a vital fact is "more than a scintilla"). However, under the legal sufficiency standard, the trial court could have granted judgment notwithstanding the verdict by finding that the evidence conclusively established that appellant was only entitled to nominal damages—i.e., the opposite of a vital fact. *See id.* (observing that evidence is legally insufficient when it "conclusively establishes the opposite of the vital fact"). Thus, a review of the partial record in this case would not defeat a presumption that the missing portions of the record contain conclusive evidence negating the jury's damage award. *See Wheeler*, 194

---

[3] Appellant argues that this presumption has no application here because, although he did not file a complete reporter's record or designate the issues to be presented on appeal, the record before us is "complete" since it contains every item that the trial court allegedly relied upon in finding the evidence legally insufficient, as per the specific language contained in its written judgment. Our review of the judgment in this case indicates that the trial court purported to make its decision "[b]ased upon the [trial court's] consideration of the verdict and the post-verdict briefing, exhibits, and arguments submitted by the parties[.]" However, appellant provides no authority for the proposition that a party appealing a judgment notwithstanding the verdict on a partial reporter's record can, without designating the issues on appeal, avoid the presumption that omitted portions of the record support the trial court's judgment simply by including items that the trial court purported to consider in its written judgment; and we find no such authority for that proposition. Furthermore, as noted above, resolution of appellant's issue requires, by necessity, a review of the entire reporter's record. Therefore, having failed to designate the issues on appeal, appellant cannot avoid the presumption that the omitted portions of the reporter's record support the trial court's judgment in this case. *See Wheeler v. Greene*, 194 S.W.3d 1, 5 (Tex. App.—Tyler 2006, no pet.).

S.W.3d at 5. For this reason, the presumption guiding our review is fatal to appellant's first issue.

Finally, appellant asserts that the trial court's judgment notwithstanding the verdict can be reversed even without having to review the reporter's record for legal sufficiency. In making this argument, appellant pins his hopes on the following language contained in the trial court's written judgment, which he contends shows the underlying flaw in the trial court's decision to disregard the jury's damage award:

> *Based upon the Court's consideration of the verdict and the post-verdict briefing, exhibits, and arguments submitted by the parties*, it appears to the Court that judgment should be rendered, notwithstanding the verdict, in favor of [appellant] for nominal damages only.

(Emphasis added.) Appellant argues that the italicized language in the judgment quoted above proves that the trial court did not review *all* the evidence at trial, but rather only considered "the verdict and the post-verdict briefing, exhibits, and arguments submitted by the parties" before disregarding the jury's damage award. We disagree. First, there is nothing in the judgment to indicate that the trial court only considered those items before entering judgment; in fact, the limited record before us indicates that appellant stressed to the trial court that the entire record had to be reviewed for legal sufficiency before judgment could be rendered notwithstanding the verdict. Second, a trial court's factual recitations or reasons that precede the decretal portion of a judgment form no part of and are not essential to the judgment itself. *See Nelson v. Britt*, 241 S.W.3d 672, 676 (Tex. App.—Dallas 2007, no pet.) (citing *Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.)). Instead, the decretal portion of the judgment controls. *Id.* Here, the decretal portion of the judgment states: "It is therefore, ORDERED, ADJUDGED, and DECREED, that [appellant] recover of and from [appellee] nominal damage in the amount of ten dollars ($10.00)." That part of the judgment controls—not

6

the preceding recitation upon which appellant relies. Finally, appellant provides no authority for the proposition that a reviewing court may reverse a trial court's judgment notwithstanding the verdict based solely on certain recitals contained in the written judgment and without conducting a substantive review of the sufficiency of the evidence to support the jury's verdict, and we find none. For these reasons, we overrule appellant's first issue.

## II. COURT COSTS

By his second issue, appellant contends that the trial court erred by denying him taxable court costs when he prevailed by proving defamation per se. However, Texas Rule of Civil Procedure 137 provides that

> [i]n civil actions for . . . defamation of character, if the verdict or judgment shall be for the plaintiff, but for less than twenty dollars, the plaintiff *shall not recover* his costs, but each party shall be taxed with the costs incurred by him in such suit.

*See* TEX. R. CIV. P. 137 (emphasis added); *Diamond Shamrock Ref. & Mktg. Co. v. Mendez*, 844 S.W.2d 198, 210 (Tex. 1992) (recognizing application of Rule 137). Here, because the trial court's final judgment awarded appellant nominal damages of "less than twenty dollars," the trial court did not err in following rule 137 by declining to tax court costs against appellee. We therefore overrule appellant's second issue.

## III. Conclusion

We affirm the judgment of the trial court.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
29th day of December, 2015.

7