**Affirmed and Memorandum Opinion filed June 2, 2022.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-20-00445-CV

## IN THE INTEREST OF G.S. AND T.S., MINOR CHILDREN

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-04758**

## MEMORANDUM OPINION

Appellant Savvas Stefanides ("Stefanides") appeals a final judgment in favor of appellees Marilyn Vilandos ("Vilandos") and Russell Brandon Davis ("Davis"), the court-appointed amicus attorney, in Vilandos's suit affecting the parent-child relationship ("SAPCR"). In six issues, Stefanides argues that the trial court: (1) erred in overruling his objections and request for removal of Davis, and by imposing excessive and unreasonable attorney's fees in favor of Davis; (2) should have sanctioned Davis and disgorged Davis's attorney's fees because of Davis's misconduct and attempt to transform the court ordered non-testifying therapist into a lay witness at trial; (3) erred in continuing Dr. Jean Guez's role as a court-

ordered therapist when Dr. Guez was identified as a testifying witness; (4) erred in awarding Vilandos attorney's fees as sanctions when the fees were not segregated; (5) erred in awarding attorney's fees to Davis; and (6) erred in overruling Stefanides's motion for new trial. We affirm.

## I. BACKGROUND

This is the second SAPCR concerning Stefanides and Vilandos's two minor children, G.S. and T.S., following Stefanides and Vilandos's divorce in 2012.[1] On September 8, 2017, an order was entered in the first SAPCR. On January 17, 2019, Vilandos filed her first amended petition seeking to modify the trial court's September 8, 2017 order, amending her petition to modify on September 6, 2019 and September 26, 2019.

In February of 2019, the trial court appointed Amy Harris as the amicus attorney in the case. On March 22, 2019, Stefanides filed an emergency motion seeking the removal of Harris as amicus. On April 1, 2019, the trial court removed Harris and appointed Davis as the new amicus attorney.

On June 18, 2019, Davis filed a motion for security for costs, which Stefanides opposed. Stefanides then filed a counter petition seeking to modify the parent child relationship. On July 12, 2019, the trial court entered an Order For Security For Costs, ordering Vilandos to pay Davis security for costs of $8,725.00 and ordering Stefanides to pay $8,500.00. On July 26, 2019, Stefanides filed a motion to terminate Davis as the amicus attorney. Following a hearing, the trial court denied the motion on September 27, 2019.[2]

Trial to the bench began on February 11, 2020, and judgment was rendered

---

[1] At the time of trial, G.S. was fourteen years old and T.S. was eleven years old.

[2] As discussed in more detail below, Stefanides has not provided us with a copy of the reporter's record from the hearing on his motion to terminate Davis or from the underlying trial.

on February 25, 2020. On April 16, 2020, the trial court signed a final order, finding "that the material allegations in the petition to modify are true and that the requested modification is in the best interest of the children." The trial court also found that Davis "performed his duties and obligations as required" and that Davis "has incurred the Court-approved total sum of $41,015.00 in reasonable and necessary Amicus Attorney fees and expenses during the pendency of the case." The trial court ordered Vilandos to pay $21,750 of Davis's fees and Stefanides to pay the remaining $19,265.00, and entered judgment for Davis against Vilandos and Stefanides for reasonable and necessary Amicus Attorney fees rendered and for expenses incurred in providing necessary legal services. The trial court also awarded Vilandos a judgment against Stefanides of $49,208.00 in attorney's fees for legal services rendered by her attorneys.

On May 14, 2020, Stefanides filed a motion for new trial and requested findings of fact and conclusions of law. Vilandos and Davis filed responses, and Stefanides filed a reply on June 4, 2020. On June 9, 2020, without issuing findings of fact and conclusions of law, the trial court denied Stefanides's motion for new trial. This appeal followed.

## II.   ABSENCE OF REPORTER'S RECORD

On August 27, 2020, the court reporter filed an information sheet with this court regarding the length of the reporter's record. Stefanides filed an affidavit of indigency in the trial court, which the court reporter challenged. On September 8, 2020, Stefanides and the court reporter filed a Rule 11 agreement with this court, providing that "Stefanides abandons his affidavit of indigence and [the court reporter] abandons her contest. Mr. Stefanides will pay for the records he orders and [the court reporter] will provide the records Mr. Stefanides pays for." On October 21, 2020, the reporter filed another information sheet, providing that "Mr.

3

Stefanides agreed to dismiss his original indigency status and agreed to pay for the Reporter's Record back in September. To date, he has still not paid for the record." On November 3, 2020, we issued a letter to Stefanides's counsel, informing him that "we will consider and decide those issues that do not require a reporter's record unless [Stefanides], within 15 days of notice, provides this court with proof of payment for the record." Stefanides did not file a reply. Ultimately, a single volume of the reporter's record from trial was filed with this court, containing only exhibit 63.

A party need not request a reporter's record unless it is necessary to the appeal. *See* Tex. R. App. P. 34.1. An appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." Tex. R. App. P. 34.6(c)(1). "The statement of points or issues limits the issues to be presented on appeal and puts the other parties on notice that the appellate court will presume the designated portions of the record constitute the entire record for reviewing the stated issues." *Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.— Houston [1st Dist.] 2017, no pet.) (citing Tex. R. App. P. 34.6(c)(1); *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 819 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). "This allows the other parties an opportunity to request any additional portions of the record they believe are relevant to the issues presented." *Id.* (citing *Mason*, 154 S.W.3d at 819); *see also* Tex. R. App. P. 34.6(c)(2) (providing that other parties may designate additional exhibits and portions of testimony to be included in the record).

The statement of the issues on appeal need not be included in the request for the reporter's record if the statement is filed in time for the other parties to designate additional, relevant portions of the record and to prepare their appellate

briefs. *Mason*, 154 S.W.3d at 819 (citing *Bennett v. Cochran*, 96 S.W.3d 227, 228–30 (Tex. 2002) (per curiam)); *see also Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 377 (Tex. 2001) (stating that issue statement in separate notice provided same day as appellant requested partial reporter's record was sufficient for purposes of Rule 34.6(c)). However, a general notice of an appellant's stated points or issues is insufficient to satisfy Rule 34.6(c)(1)'s requirements; the points or issues should be described with some particularity. *Garcia*, 516 S.W.3d at 590.

When an appellant properly requests a partial reporter's record pursuant to Rule 34.6(c), we must "presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." Tex. R. App. P. 34.6(c)(4). However, nothing in Rule 34.6(c) relieves an appellant of his ultimate burden to bring forth a record showing reversible error. *Garcia*, 516 S.W.3d at 590 (citing *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (providing that appellant bears burden to provide sufficient record to show trial court's error); *see also Bennett*, 96 S.W.3d at 230 ("[L]itigants who ignore our rules do so at the risk of forfeiting appellate relief.").

If properly complied with, Rule 34.6(c) prevents the application of the general presumption that any missing portions of the record support the trial court's judgment in favor of a presumption that the partial record submitted by the parties includes all portions of the record relevant to the enumerated points or issues to be presented on appeal. *Garcia*, 516 S.W.3d at 590 (citing Tex. R. App. 34.6(c)(4)); *see also Bennett*, 96 S.W.3d at 230. Alternatively, in the absence of a statement of appellant's issues to be presented on appeal, we must presume that the omitted portions of the record are relevant and support the trial court's judgment. *Garcia*, 516 S.W.3d at 591; *Mason*, 145 S.W.3d at 820; *see also Bennett*, 96

S.W.3d at 229 ("There is no question that, had [the appellant] completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment.").

Here, the record does not include a copy of Stefanides's request for the reporter's record or a statement of points or issues to be presented on appeal. Issues stated in a notice of appeal can satisfy rule 34.6(c)(1)'s requirement,[3] but Stefanides's notice of appeal identifies only the rulings he desires to appeal and does not articulate any reasons he contends those rulings are erroneous. Stefanides's notice of appeal provides:

> Appellant Savvas Stefanides desires to appeal the Final Order in Suit to Modify Parent-Child Relationship signed by the court on April 16, 2020 and other interlocutory orders denying motions filed by [Stefanides] including but not limited to Order for Security of Costs dated July 17, 2019, Objections to Amicus Fees dated June 26, 2019, Motion to Remove Amicus-Brandon Davis dated September 27, 2019 and [Stefanides's] Counter Motion to Enforce Order Regarding Parental Controls On Phones and Electronic Devices dated May 22, 2019. The trial court entered a minute entry on June 9, 2020, that it has denied [Stefanides's] Motion for New Trial.

On appeal, Stefanides raises issues not reasonably identified in his notice of appeal, even affording it a liberal interpretation. Specifically, the notice of appeal's reference to the trial court's final order is too broad to satisfy Rule 34.6(c) as to any complaints on appeal regarding that order, as is the comment regarding Stefanides's counter petition. *See Garcia*, 516 S.W.3d at 590; *see also Wheeler v. Greene*, 194 S.W.3d 1, 5 (Tex. App.—Tyler 2006, no pet.) (holding that appellant's issues were so broad in scope that court could not conclude appellant

---

[3] *See Ware of Estate of Ware v. Macarthur Townhomes Homeowners Assoc. Bd. of Directors*, No. 14-18-00915-CV, 2020 WL 5200925, at 5 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (mem. op.) (concluding that statement of issues on notice of appeal was sufficient to satisfy Rule 34.6(c)).

complied with Rule 34.6(c)). Likewise, the statement regarding the motion to remove Davis dated September 27, 2019 is too broad to satisfy Rule 34.6(c) because that document is a supplemental memorandum to Stefanides's motion to terminate Davis, and Stefanides did not disclose that he was seeking to appeal the trial court's ruling on the motion to terminate Davis or the court's failure to terminate Davis. *See Garcia*, 516 S.W.3d at 590; *Wheeler*, 194 S.W.3d at 5. Finally, although the notice of appeal includes a reference to the trial court's denial of his motion for new trial, here again Stefanides has not "included a statement" of the issues why he contends that order constitutes error. *See* Rule 34.6(c)(1).

Thus, we must presume that any omitted portions of the record are relevant and support the trial court's final order, the denial of Stefanides's motion for new trial, the trial court's award of attorney's fees to Davis and to Vilandos in the final order, and the trial court's decision to continued Dr. Guez as a non-testifying treating expert for the children. *See Garcia*, 516 S.W.3d at 590–91; *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 180 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Mason*, 145 S.W.3d at 820.

### III.  AMICUS

Stefanides's first, second, and fifth issues concern Davis, the court-appointed amicus attorney. In his first issue, Stefanides argues the trial court erred in overruling his objections to Davis and denying his motion to terminate Davis. In its second issue, Stefanides argues that the trial court should have sanctioned Davis because Davis "transform[ed] a therapist designated by court order as a non-testifying treating therapist" into a testifying witness at trial. In his fifth issue, Stefanides argues that the trial court erred in awarding attorney's fees to Davis because Davis failed to prove the fees were reasonable and necessary.

**A.     OBJECTIONS TO & MOTION TO REMOVE DAVIS AS AMICUS ATTORNEY**

### 1.     Standard of Review

The Family Code authorizes a trial court to make a discretionary appointment of an amicus attorney in a suit affecting the parent-child relationship when the best interest of the children is at issue. *In re R.H.W., III*, 542 S.W.3d 724, 743 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see* Tex. Fam. Code Ann. § 107.021; *In re Scheller*, 325 S.W.3d 640, 645 (Tex. 2010) (orig. proceeding) (per curiam). Accordingly, we review the trial court's appointment and removal of an amicus for an abuse of discretion. *See In re I.M.M.*, No. 01-17-00415-CV, 2019 WL 1768998, at *7 (Tex. App.—Houston [1st Dist.] Apr. 23, 2019, pet. denied) (mem. op.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to guiding rules or principles. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam).

### 2.     Applicable Law

The Family Code defines an "amicus attorney" as "an attorney appointed by the court in a suit, other than a suit filed by a governmental entity, whose role is to provide legal services necessary to assist the court in protecting a child's best interests rather than to provide legal services to the child." Tex. Fam. Code Ann. § 107.001(1); *Zeifman v. Nowlin*, 322 S.W.3d 804, 808–09 (Tex. App.—Austin 2010, no pet.). An amicus attorney appointed under Chapter 107 of the Family Code does not represent the child or either parent but is instead appointed to specifically assist the court. *See* Tex. Fam. Code Ann. § 107.001(1); *In re McDaniel*, 408 S.W.3d 389, 399 n.2 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) ("[T]he amicus attorney's role is limited by statute to assisting the trial court with protecting the best interests of the child."); *Zeifman*, 322 S.W.3d at 808–09; *O'Connor v. O'Connor*, 245 S.W.3d 511, 515 (Tex. App.—Houston [1st Dist.]

8

2007, no pet).

The Family Code describes the duties of an amicus attorney. *See* Tex. Fam. Code Ann. §§ 107.003, 107.005. An amicus attorney

(1) shall:

    (A) subject to Rules 4.02, 4.03, and 4.04, Texas Disciplinary Rules of Professional Conduct, and within reasonable time after the appointment, interview:

        (i)    the child in a developmentally appropriate manner, if the child is four years of age or older;

        (ii)    each person who has significant knowledge of the child's history and condition, including any foster parent of the child; and

        (iii)    the parties to the suit;

    (B) seek to elicit in a developmentally appropriate manner the child's expressed objectives of representation;

    (C) consider the impact of the child in formulating the attorney's presentation of the child's expressed objectives of representation to the court;

    (D) investigate the facts of the case to the extent the attorney considers appropriate;

    (E) obtain and review copies of relevant records relating to the child as provided by Section 107.006;

    (F) participate in the conduct of the litigation to the same extent as an attorney for a party;

    (G) take any action consistent with the child's interest that the attorney considers necessary to expedite the proceedings;

    (H) encourage settlement and the use of alternative forms of dispute resolution; and

    (I) review and sign, or decline to sign, a proposed or agreed order affecting the child;

(2) must be trained in child advocacy or have experience determined by the court to be equivalent to that training; and

(3) is entitled to:

(A) request clarification from the court if the role of the attorney is ambiguous;

(B) request a hearing or trial on the merits;

(C) consent or refuse to consent to an interview of the child by another attorney;

. . . .

Tex. Fam. Code Ann. § 107.003(a); *see also id.* § 107.005 (providing additional duties of amicus attorney).

### 3. Analysis

Stefanides argues that his motion to remove Davis was filed "following a series of incidents that supported [Stefanides's] conclusion that [Davis's] lack of judgment and inability to control his anger towards [Stefanides] and counsel tainted his ability to provide conflict-free recommendations about the children." Stefanides identifies multiple complaints about Davis in his appellate brief, which we address below.

#### a. T.S.'s Cell Phone

Stefanides argues that Davis did not act in the best interest of the children because Davis expressed an opinion to the trial court that the trial court should not impose parental control on T.S.'s cellphone because Stefanides and Vilandos had differing opinions as to whether such an action was necessary. Stefanides alleges that Davis stated the following to the trial court:[4]

---

[4] Stefanides has not provided us with a reporter's record from the hearing where Davis

I was a big fan of Judge Henderson telling the litigants that if one parent wants to take child skydiving because that's what that parent wants to do, that parent has the right to go do that. I don't think one parent should be able to dictate what goes on at another parent's house. I think each parent has the right to parent their child the way they seem appropriate at their respective residences.

However, there is no evidence in the record before us that Davis actually stated this to the trial court. *See Christiansen*, 782 S.W.2d at 843 ("The burden is on the appellant to see that a sufficient record is presented to show error."). While Stefanides points us to his motion to terminate Davis as support for his argument, pleadings contain allegations only and do not constitute evidence, even if they are sworn or verified. *De Los Salmones v. Anchor Dev. Grp., LLC*, No. 14-20-00720-CV, 2022 WL 1218541, at *4 (Tex. App.—Houston [14th Dist.] Apr. 26, 2022, no pet. h.) (mem. op.); *see Christiansen*, 782 S.W.2d at 843. Additionally, Stefanides cites no authority in support of his argument that the trial court should have removed Davis for expressing this alleged opinion, nor does he articulate why this alleged statement is against T.S.'s best interest. *See* Tex. R. App. P. 38.1(i). Finally, we note that a child's parent has the right to direct the moral training of the child and the duty of care, control, protection, and reasonable discipline of the child. Tex. Fam. Code Ann. § 151.001(a)(1)–(2). We cannot conclude that the trial court's decision to deny the removal of Davis was unreasonable or arbitrary. *See Worford*, 801 S.W.2d at 109.

**b. Marine Corps Summer Camp**

Stefanides next argues that the trial court should have removed Davis as amicus because Davis failed to communicate with Stefanides's counsel about contacts Davis had with T.S. and T.S.'s summer camp. According to Stefanides, he

---

allegedly stated this, nor has Stefanides provided us with a copy of the reporter's record from the hearing on the motion to terminate.

sent T.S. to Marine Corps Summer Camp without advising Vilandos or Davis, and when Davis learned of this, he "contacted the summer camp and demanded to speak with T.S. immediately." Stefanides complains that Davis did not communicate to Stefanides that Davis "ultimately was satisfied the [summer camp] was in the child's best interest and did not take steps to remove the child," despite Stefanides's counsel contacting Davis by phone and email inquiring as to how Davis intended to proceed.

Stefanides provides no citation to authority or analysis for how the trial court abused its discretion in failing to remove Davis as Amicus based on this alleged conduct. *See* Tex. R. App. 38.1(i). We cannot conclude that the trial court abused its discretion by failing to remove Davis based on this allegation. *See Worford*, 801 S.W.2d at 109; *Christiansen*, 782 S.W.2d at 843.

### c. Inflammatory Questions

Stefanides argues that Davis should have been removed as amicus because Davis asked inflammatory questions at Stefanides's deposition. Stefanides states that "[o]n November 21, 2019 [d]uring Savvas Stefanides' deposition testimony, the amicus 'asked' the question: 'You want to put your son at Lamar High School where a child recently got killed' or words to that effect." However, the referenced deposition of Stefanides is not in the record; instead, Stefanides directs our attention to the deposition of the headmaster of T.S.'s school, which does not contain the alleged portion of Stefanides's deposition. *See Christiansen*, 782 S.W.2d at 843. Stefanides also provides no citation to authority or analysis for how the trial court abused its discretion in failing to remove Davis as Amicus based on this alleged conduct. *See* Tex. R. App. 38.1(i). Accordingly, we cannot conclude that the trial court abused its discretion by failing to remove Davis based on this complaint. *See Worford*, 801 S.W.2d at 109; *Christiansen*, 782 S.W.2d at 843.

### d. Treating Therapist

Stefanides argues that Davis violated a prior trial court order regarding the children's treating therapist, which compromised the therapeutic relationship of the parties. However, Stefanides did not make this argument in his motion to terminate Davis nor does he cite to anywhere in the record where he requested that the trial court remove Davis as Amicus on this ground. *See* Tex. R. App. P. 33.1(a)(1), 38.1(i). Instead, in support of this argument, Stefanides references his motion in limine. Accordingly, we conclude this argument has not been preserved for our review. *See* Tex. R. App. P. 33.1(a)(1).

### e. Davis's Prior Arrest

Stefanides argues that the trial court should have removed Davis because Davis was arrested for domestic assault eighteen years ago, which Stefanides avers results in a conflict of interest. In support of this contention, Stefanides cites to Rule 1.06(b)(2) of the Texas Disciplinary Rules of Professional Conduct, which provides that, subject to exceptions, "a lawyer shall not represent a person if the representation of that person: . . . (2) reasonably appears to be or becomes adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests." Tex. Disciplinary Rules of Prof. Conduct R. 1.06(b)(2). Stefanides, however, does not discuss or provide any argument as to how Davis's representation of the children's best interest in this case reasonably appears to be adversely limited by Davis's responsibilities to a third person, another client, or Davis' own interests.

According to Stefanides, "[a]s a matter of public policy, due process and prudence, . . . there must be some requirement that an amicus either not have a record of domestic or family violence . . . ." We disagree. The Family Code imposes no such restriction; instead, the Family Code provides that an amicus

13

attorney "must be trained in child advocacy or have experience determined by the court to be equivalent to that training." *See* Tex. Fam. Code Ann. § 107.003(a)(1)(2). Stefanides does not argue that Davis did not meet this requirement, and he does not provide us with evidence of any connection between an eighteen-year-old arrest, the circumstances of which are unknown, and Davis' current role as an amicus whose task is to represent the best interests of the children. Therefore, we cannot conclude that the trial court abused its discretion by failing to remove Davis as amicus based on an eighteen-year-old arrest for domestic violence. *See id.*; *Worford*, 801 S.W.2d at 109.

### f. Allegation of Angry & Hostile Behavior

Stefanides also argues that Davis should have been terminated as amicus because Davis displayed angry or hostile demeanor, which indicated Davis lacked objectivity. In support, Stefanides points to Davis's question during the deposition of the headmaster of T.S.'s school regarding a shooting that had occurred at the school, and to Stefanides's affidavit averring that Davis displayed hostility and anger towards Stefanides. Stefanides cites no authority and fails to provide substantive analysis in support of this complaint. *See* Tex. R. App. 38.1(i). Accordingly, we conclude that this argument is inadequately briefed. Furthermore, we cannot agree with Stefanides that the question asked of the headmaster or the behavior described in Stefanides's affidavit evidences an angry or hostile demeanor or that the trial court abused its discretion by not terminating Davis based on the alleged conduct. *See* Tex. Fam. Code Ann. § 107.003; *Worford*, 801 S.W.2d at 109.

### g. Alleged Failure to Meet With G.S.

Stefanides argues that "[t]here is nothing in Davis' time records that he ever met with G.S." An amicus has a duty to meet with a child four years of age or

14

older within a reasonable time after the appointment to interview the child. Tex. Fam. Code Ann. § 107.003(a)(1)(A)(i). However, Stefanides did not make this argument in his motion, nor does he reference anywhere in the record where he raised this complaint in the trial court. *See* Tex. R. App. P. 33.1(a), 38.1(i). Accordingly, this argument has not been preserved for our review. *See* Tex. R. App. P. 33.1(a)(1).

### h. Summary

Having rejected all of Stefanides's arguments, we overrule his first issue.

**B.    DAVIS'S ATTORNEY'S FEES**

In his fifth issue, which we address out of turn, Stefanides argues that the trial court erred in awarding attorney's fees to Davis because Davis failed to prove the fees were reasonable and necessary.

A court appointed amicus attorney is entitled to attorney's fees. Tex. Fam. Code Ann. § 107.023(a). In determining the fees and expenses of an amicus attorney, the court shall determine the fees and expenses of the amicus attorney by reference to the reasonable and customary fees for similar services in the county of jurisdiction. *Id.* § 107.023(b).

Stefanides argues that "there was an abuse of discretion because [there was] no sworn testimony at trial or post-trial that Davis's fees at trial were reasonable and necessary nor were there any findings by the Court to that effect." However, without the reporter's record from trial we are unable to discern the merits of Stefanides's complaint, and we must presume that the missing reporter's record supports the trial court's order. *See Haut*, 376 S.W.3d at 180; *Garcia*, 516 S.W.3d at 590–91; *Mason*, 145 S.W.3d at 820. We overrule Stefanides's fifth issue.

15

## C.    DISGORGEMENT OF DAVIS'S ATTORNEY'S FEES

In his second issue, Stefanides argues that the trial court should have sanctioned Davis because of Davis's "misconduct and attempt to transform a therapist designated by court order as a non-testifying treating therapist" into a testifying witness at trial. However, apart from identifying this argument as an issue in his brief, Stefanides does not provide any substantive analysis or citation to authority to substantiate this argument. *See* Tex. R. App. P. 38.1(h), (i); *Guimaraes v. Brann*, 562 S.W.3d 521, 552 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Further, Stefanides does not point our attention to anywhere in the record where he requested that the trial court sanction and disgorge Davis's attorney's fees. *See* Tex. R. App. P. 33.1(a)(1); *Cochran Invests., Inc. v. Chicago Title Ins.*, 550 S.W.3d 196, 202 n.3 (Tex. App.—Houston [14th Dist.] 2018) ("[W]e are not required to make an independent search of the record for evidence supporting a party's position."), *aff'd*, 602 S.W.3d 895 (Tex. 2020). We overrule Stefanides's second issue.

## IV.    TREATING THERAPIST

In his third issue, Stefanides argues the trial court erred in "continuing Dr. Guez as a court-ordered treating therapist after Dr. Guez was identified as a testifying witness." Stefanides provides no citation to authority or argument discussing how the trial court erred in continuing Dr. Guez as the children's treating therapist or discuss why the trial court's actions constituted reversible error. *See* Tex. R. App. P. 38.1(h), (i). Accordingly, we conclude Stefanides's third issue is inadequately briefed and overrule it. *See* Tex. R. App. P. 38.1(i).

## V.    VILANDOS'S ATTORNEY'S FEES

In his fourth issue, Stefanides complains of the trial court's award to

Vilandos of $49,208 in attorney's fees. A trial court may award attorney's fees in a custody dispute. *See* Tex. Fam. Code Ann. § 106.002(a).

Stefanides's fourth issue, however, is based on his assertion that "[t]he court awarded $49,208 in fees on counsel's verbal request for this amount as a sanction for opposing discovery." Contrary to Stefanides's assertion, the trial court's order awarding attorney's fees does not reflect the attorney's fees were awarded as a sanction, and we are unable to verify his claim that Vilandos made an oral request for sanctions without the reporter's record. Stefanides does not argue that the trial court's judgment cannot be upheld as an award of attorney's fees pursuant to Family Code § 106.002(a). Because Stefanides has not provided us with a copy of the reporter's record, we must presume that the evidence and testimony from trial supports the trial court's award. *See Garcia*, 516 S.W.3d at 590–91; *Haut*, 376 S.W.3d at 180; *Mason*, 145 S.W.3d at 820. Stefanides's fourth issue is overruled.

## VI.    MOTION FOR NEW TRIAL

Stefanides argues in his sixth issue that the trial court erroneously denied his motion for new trial.

## A.    STANDARD OF REVIEW & APPLICABLE LAW

We review the trial court's ruling on a motion for new trial for an abuse of discretion. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021) (per curiam). New trials may be granted and a judgment set aside for good cause. Tex. R. Civ. P. 320. A party seeking a new trial on grounds of newly-discovered evidence must demonstrate to the trial court that (1) the evidence came to his knowledge since the trial, (2) his failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted.

17

*Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010).

### 1. TRIAL EVIDENCE

Here, Stefanides filed a motion for new trial and asserted multiple arguments in support of his motion. On appeal, Stefanides first argues that the trial court should have granted a new trial because the testimony of Charlotte, Stefanides's wife, was excluded. Stefanides filed an offer of proof regarding Charlotte's excluded testimony. However, without the reporter's record from trial, we are unable to discern whether the testimony was duplicative or material, and we therefore must presume that the testimony and evidence at trial supports the trial court's ruling on Stefanides' motion. *See Garcia*, 516 S.W.3d at 590–91; *Haut*, 376 S.W.3d at 180; *Mason*, 145 S.W.3d at 820.

To the extent Stefanides argues on appeal that the trial court should have granted a new trial based on evidence indicating that Vilandos made disparaging remarks about Stefanides and discussed the litigation with the children, in contravention of a previous trial court order, we also reject that argument because we must presume the reporter's record supports the trial court's ruling. *See Garcia*, 516 S.W.3d at 590–91; *Haut*, 376 S.W.3d at 180; *Mason*, 145 S.W.3d at 820.

### 2. NEWLY DISCOVERED EVIDENCE

Stefanides also argues that the trial court should have granted a new trial because of evidence of post-trial abuse of G.S. by T.S. and Vilandos. Stefanides concedes that the alleged abuse occurred after the trial court's judgment was entered. However, "[e]vidence not in existence prior to judgment cannot form the basis of a new trial." *In re C.Y.C.*, 2012 WL 3323674 at *19; *see Langan v. Langan*, No. 14- 2014 WL 3051216, at *12 (Tex. App.—Houston [14th Dist.] July 3, 2014, no pet.) (mem. op.) ("A post-judgment event cannot form the basis for a

new trial.").[5] We overrule Stefanides's sixth issue.

## VII.   CONCLUSION

Having overruled all of Stefanides's issues on appeal, we affirm the trial court's judgment.


/s/      Margaret "Meg" Poissant
          Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

---

[5] This new evidence may serve as the basis for a new SAPCR.